**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/04/2026 at 11:45:37 AM
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

KEVIN MCGINNIS, and
PAMELA MCGINNIS,

                Plaintiffs,

    vs.

ALLEN G. ROBBERSON, JR.,

                Defendant.

**CASE NO: 26CV174249**

**COMPLAINT FOR DAMAGES FOR:**

**1. Motor Vehicle Negligence**
**2. Loss of Consortium**

COMES NOW Plaintiffs, Kevin McGinnis and Pamela McGinnis for causes of action against defendant Allen G. Robberson, Jr., allege as follows:

**<u>COMMON ALLEGATIONS FOR ALL CAUSES OF ACTION</u>**

1.    At all relevant times Kevin McGinnis was an individual citizen and reside of Country Club, Andrew County, Missouri.  KEVIN was severely injured in a motor vehicle crash on September 22, 2025, which gives rise to these causes of action.

2.    At all relevant times Pamela McGinnis was and is an individual citizen and resident of Country Club, Andrew County, Missouri, and the lawful wife of Kevin McGinnis.

3.    Allen G. Robberson is an individual citizen and resident of Oakland, Alameda County, California.

4.    On September 22, 2025, Defendant ROBBERSON was the registered owner and operator of a 2020 Honda Accord Touring Hybrid, (hereafter "the ACCORD") California License

Plate number 8SFX724, Vehicle Identification No.: 1HGCV3F94LA008706, and every component part there of including an after-market advanced driver assistance system known as openpilot, manufactured, produced and sold by comma.ai, Inc. specifically for use in conjunction with the ACCORD.

5. On September 22, 2025, ROBBERSON did so negligently and carelessly operate the ACCORD by setting the cruise control on 80 mph and falling asleep, while westbound on Highway 36, relying on the autonomous features of the ACCORD and openpilot system to avoid a collision.

6. As ROBBERSON approached the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri, travelling westbound on Highway 36, he was asleep while at the wheel of the ACCORD.

7. Plaintiff KEVIN, was operating a 2013 Chevrolet Cruze and was the last car in a line of four vehicles, stopped facing westbound on Highway 36 at a red-light traffic signal governing westbound traffic at the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri.

8. Defendant ROBBERSON operated the ACCORD in a negligent fashion by setting the adaptive cruise control on the ACCORD to 80 mph and failed to slow, brake or stop the ACCORD striking the rear of KEVIN's Chevrolet Cruze at 80 mph and violently forcing the Cruze into the vehicle stopped ahead of him.

9. The negligence of Defendant ROBBERSON directly contributed to cause the collision with KEVIN's vehicle and directly caused severe, permanent, and progressively worsening injuries.

## FIRST CAUSE OF ACTION

(Motor Vehicle Negligence against Defendant ROBBERSON)

10. Plaintiffs incorporate, repeats and re-alleges each allegation in paragraphs 1-9 as though fully set forth herein.

11. ROBBERSON was operating his ACCORD on a public highway in the State of Missouri and as such owed a duty to follow motorists, including KEVIN, to do so with the highest

degree of care.

12.    ROBBERSON owed a duty to operate his ACCORD as would a very careful person under the same or similar circumstances.

13.    ROBBERSON violated said duty and was careless and negligent in the following respects:

a.   operating his ACCORD at 80 mph in a 45-mph zone;

b.   operating his ACCORD while asleep at the wheel and thereby failing to keep a careful lookout for vehicles stopped at the traffic signal;

c.   following too closely to vehicles which came to a stop at the traffic signal causing the ACCORD to strike the rear of KEVIN's vehicle;

d.   failing to slow, brake, reduce speed and stop to avoid coming into a collision with the rear of KEVIN's vehicle which was lawfully stopped at the intersection;

e.   negligently and carelessly relying on the comma.ai, Inc. openpilot system to control the ACCORD and avoid collisions; and

f.   such further conduct as may be revealed in the course of discovery.

14.    The negligent conduct of ROBBERSON directly caused or contributed to cause the rear-end collision with KEVIN's vehicle that resulted in KEVIN sustaining severe, permanent and progressively worsening injuries including severe orthopaedic injuries and internal injuries requiring surgical repair, significant injuries to KEVIN's brain, causing neurological damage all requiring ongoing physical, occupational, speech and cognitive therapy to this day.

15.    As a direct and proximate result of the combined negligence of Defendant ROBBERSON as aforesaid, KEVIN has incurred medical expenses and will incur additional expenses in the future; KEVIN has sustained lost income from his employment and is disabled such that he will sustain additional lost wages and lost economic benefits in the future.

**SECOND CAUSE OF ACTION**

(Loss of Consortium by Plaintiff Pamela McGinnis)

16. Plaintiff PAMELA reallege and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. As a direct and proximate result of the collision and resulting injuries to KEVIN, Plaintiff PAMELA has suffered and continues to suffer loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the enjoyment of conjugal relations with her husband, and has sustained consequential economic losses, all in an amount according to proof at trial.

18. As a direct and proximate result of Defendant's conduct as alleged herein, Plaintiff PAMELA seeks recovery of general damages for pain, suffering, disability, disfigurement, emotional distress, and loss of enjoyment of life; special damages including past and future medical and related expenses; past and future loss of earnings and earning capacity; costs of life care and household services; and all other economic and non-economic damages permitted by law, in amounts to be proven at trial.

19. Plaintiffs further seek prejudgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs pray for judgment against Defendant ROBBERSON, and each of them, as follows:

    a. For general damages in an amount according to proof at trial;

    b. For special damages, including past and future medical expenses, lost wages, lost earning capacity, and other economic losses, in an amount according to proof at trial;

    c. For damages for loss of consortium in favor of Plaintiff Pamela McGinnis, in an amount according to proof at trial;

    d. For prejudgment and post-judgment interest as permitted by law;

    e. For costs of suit incurred herein; and

f.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Date: March 4, 2026.

KIRK R. PRESLEY
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Kirk R. Presley  State Bar No: 145778
Presley & Presley, LLC
4801 Main Street, Suite 375
Kansas City, MO 64112
  TELEPHONE NO.: 816-931-4611      FAX NO.: 816-931-4646
ATTORNEY FOR *(Name):* Plaintiffs Kevin McGinnis and Pamela McGinnis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
  STREET ADDRESS: 1225 Fallon St, Oakland, CA 94612
  MAILING ADDRESS: 1225 Fallon St, Oakland, CA 94612
  CITY AND ZIP CODE: Oakland 94612
  BRANCH NAME: Rene C. Davidson Alameda County Courthouse

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**03/04/2026 at 11:45:37 AM**
By: Andrei Gospel,
Deputy Clerk

CASE NAME:
Kevin McGinnis, et al v. Allen G. Robberson, Jr.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **26CV174249**<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
  ☑ Auto (22)
  ☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  ☐ Asbestos (04)
  ☐ Product liability (24)
  ☐ Medical malpractice (45)
  ☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
  ☐ Business tort/unfair business practice (07)
  ☐ Civil rights (08)
  ☐ Defamation (13)
  ☐ Fraud (16)
  ☐ Intellectual property (19)
  ☐ Professional negligence (25)
  ☐ Other non-PI/PD/WD tort (35)
**Employment**
  ☐ Wrongful termination (36)
  ☐ Other employment (15)

**Contract**
  ☐ Breach of contract/warranty (06)
  ☐ Rule 3.740 collections (09)
  ☐ Other collections (09)
  ☐ Insurance coverage (18)
  ☐ Other contract (37)
**Real Property**
  ☐ Eminent domain/Inverse condemnation (14)
  ☐ Wrongful eviction (33)
  ☐ Other real property (26)
**Unlawful Detainer**
  ☐ Commercial (31)
  ☐ Residential (32)
  ☐ Drugs (38)
**Judicial Review**
  ☐ Asset forfeiture (05)
  ☐ Petition re: arbitration award (11)
  ☐ Writ of mandate (02)
  ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
  ☐ Antitrust/Trade regulation (03)
  ☐ Construction defect (10)
  ☐ Mass tort (40)
  ☐ Securities litigation (28)
  ☐ Environmental/Toxic tort (30)
  ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
  ☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
  ☐ RICO (27)
  ☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
  ☐ Partnership and corporate governance (21)
  ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☑ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/4/2026
Kirk R. Presley
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc. |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award (*not unpaid taxes*)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint Case (*non-tort/non-complex*)
   Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]           **CIVIL CASE COVER SHEET**          Page 2 of 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
03/04/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLEN G. ROBBERSON, JR.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEVIN MCGINNIS and PAMELA MCGINNIS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of Alameda,CA

René C. Davidson Courthouse 1225 Fallon St, Oakland, CA 9461

CASE NUMBER:
*(Número del Caso):*
26CV174249

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kirk R. Presley, 4801 Main Street, Suite 375, Kansas City, MO 64112, 816-931-4611

DATE: 03/04/2026                                          Clerk, by _____ *Andrea Gospel* _____ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court    *(Secretario)*        A. Gospel          *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ **x** ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [  ] on behalf of *(specify):* comma.ai
   under: [  ] CCP 416.10 (corporation)         [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation) [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Kevin McGinnis  et al

DEFENDANT:
Allen G. Robberson, Jr.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
03/04/2026
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
A. Gospel

CASE NUMBER:
26CV174249

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 07/27/2026      Time: 2:30 PM      Dept.: 21

Location: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial.  Code of Civ. Proc. § 630.01 et seq.  In short, the parties would agree to the following:  8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal.  For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/04/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>Allen G. Robberson, Jr. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV174249 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Kevin McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Kirk R. Presley
Presley & Presley LLC
4801 Main Street, Suite 375
Kansas City, MO 64112

Pamela McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/09/2026                    By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| **Kirk R. Presley, Esq. | SBN: 145778**<br>**Presley & Presley, LLC**<br>**4801 Main Street, Suite 375   Kansas City, MO 64112**<br>TELEPHONE NO.: (816) 931-4611 | FAX NO. (816) 931-4646 | E-MAIL ADDRESS:<br>ATTORNEY FOR *:* Plaintiff: Kevin McGinnis, et al. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>03/16/2026 at 09:23:30 AM<br>By: Laure Havenar-Daughton,<br>Deputy Clerk |

| ALAMEDA COUNTY SUPERIOR COURT | |
|---|---|
| STREET ADDRESS: 1225 FALLON STREET | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: OAKLAND, CA 94612 | |
| BRANCH NAME: RENE C. DAVIDSON COURTHOUSE | |

| PLAINTIFF:  Kevin McGinnis, et al. | CASE NUMBER: |
|---|---|
| | 26CV174249 |
| DEFENDANT:  Allen G. Robberson, Jr. , et al. | Hearing Date: |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Kevin McGinnis |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Notice of Case Management Conference**

3. a.  Party served *(specify name of party as shown on documents served):*
   **Allen G. Robberson, Jr.**

   **Age: 50 Weight: 200 Hair: Brown Sex: Male Height: 5'10" Eyes:  Race: Caucasian**

   b. ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:  **9722 D Street**
   **Oakland, CA 94603**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/12/2026**     (2) at *(time):* **8:13 PM**

   b. ☐  **by substituted service.**  On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*          **or** ☐  a declaration of mailing is attached.

      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/308440** |
|---|---|---|

| PETITIONER: Kevin McGinnis, et al. | CASE NUMBER: **26CV174249** |
|---|---|
| RESPONDENT: **Allen G. Robberson, Jr. , et al.** | HEARING DATE: |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                     *(2) from (city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify):*

under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)

   ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

   ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

   ☐ 416.50 (public entity)               ☐ 415.46 (occupant)

                                      ☐ other:

7. **Person who served papers**

  a. Name: **Christiaan Gonzalez - eLegal, a Magna Legal Services Company**

  b. Address: **444 Higuera St., Ste.100  San Luis Obispo, CA 93401**

  c. Telephone number: **(805) 439-1800**

  d. **The fee** for service was: **$ 180.00**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner    ☐ employee    ☑ independent contractor.

      (ii) Registration No.: **828**

      (iii) County: **Alameda**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

   Date: **3/13/2026**

**eLegal, a Magna Legal Services Company**
**444 Higuera St., Ste.100**
**San Luis Obispo, CA 93401   | (805) 439-1800**
**License # PI 189852**

| **Christiaan Gonzalez** | ▶ | *(SIGNATURE)* |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | |

POS-010/308440

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## Rene C. Davidson Courthouse, Department 21

### JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado                                     CSR: None

---

**26CV174249**                                                      April 9, 2026
                                                                     2:30 PM
**MCGINNIS, et al.**
 **vs**
**ROBBERSON**

---

**MINUTES**

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

The Court does not designate this case as complex. The parties will receive notice of a case management conference in another civil department. Any complex fees paid for or by the parties prior to the order shall be reimbursed in the amount paid pursuant to Government Code Section 70616(c).

The case will be reassigned to a Civil Direct Calendar Department.

The complex fees of $1,000.00 paid on 03/09/2026 by Kevin McGinnis+ will be returned.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:          B. Mercado, Deputy Clerk
                          Minutes of: 04/09/2026
                          Entered on: 04/10/2026

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| Kevin McGinnis  et al<br>                    Plaintiff/Petitioner(s)<br>vs.<br>Allen G. Robberson, Jr.<br>                    Defendant/Respondent<br>(s) | No.    26CV174249<br><br>Date:    04/09/2026<br>Time:    2:30 PM<br>Dept:    21<br>Judge:   S. Raj Chatterjee<br><br>ORDER Complex Determination<br>Hearing |

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

The Court does not designate this case as complex. The parties will receive notice of a case management conference in another civil department. Any complex fees paid for or by the parties prior to the order shall be reimbursed in the amount paid pursuant to Government Code Section 70616(c).

The case will be reassigned to a Civil Direct Calendar Department.

The complex fees of $1,000.00 paid on 03/09/2026 by Kevin McGinnis+ will be returned.

The Court orders counsel to obtain a copy of this order from the eCourt portal.


Dated :   04/09/2026


S. Raj Chatterjee / Judge

---

ORDER Complex Determination Hearing                                      Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/10/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>B. Mercado |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>Allen G. Robberson, Jr. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>26CV174249 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order Complex Determination Hearing entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Kirk R. Presley
Presley & Presley LLC
kirk@presleyandpresley.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/10/2026                    By:

B. Mercado, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:

Hayward Hall of Justice

24405 Amador Street, Hayward, CA 94544

PLAINTIFF(S) / PETI

Kevin McGinnis  et al

Allen G. Robberson, Jr.

### NOTICE OF CASE REASSIGNMENT

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
04/10/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
B. Mercado

CASE NUMBER:

26CV174249

**EFFECTIVE**  04/10/2026

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Mark Fickes

DEPARTMENT: 518

LOCATION: Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PHONE NUMBER: (510) 690-2727

FAX NUMBER:

EMAIL ADDRESS: Dept518@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

**JUDGE** Mark Fickes

**DEPARTMENT** 518

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

B. Mercado, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/10/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>B. Mercado |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>Allen G. Robberson, Jr. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV174249 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Kevin McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Pamela McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/10/2026                    By:

B. Mercado, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/10/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>B. Mercado |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>Allen G. Robberson, Jr. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL<br>PROCEDURE 1010.6** | CASE NUMBER:<br>26CV174249 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Reassignment (Civil) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Kirk R. Presley
Presley & Presley LLC
kirk@presleyandpresley.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/10/2026                              By:

B. Mercado, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:

Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF:
Kevin McGinnis  et al

DEFENDANT:
Allen G. Robberson, Jr.

**NOTICE OF CASE RESCHEDULING OR RELOCATION**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
04/13/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
G. Cooper

CASE NUMBER:
26CV174249

TO THE PARTIES:

 You are hereby notified that the above-entitled matter, previously set for

Initial Case Management Conference                                    as follows:
_____

Rene C. Davidson Courthouse _____ on 07/27/2026 _____ at 2:30 PM in Department 21 _____

has been rescheduled, or relocated, as follows:

Hayward Hall of Justice _____ on 05/11/2026 _____ at 2:30 PM in Department 518 _____


Chad Finke, Executive Officer / Clerk of the Court


Dated: 04/13/2026 _____          By G. Cooper _____

Deputy Clerk


**NOTICE OF CASE RESCHEDULING OR RELOCATION**

09/17

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/13/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>G. Cooper |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>Allen G. Robberson, Jr. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV174249 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Hayward, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Kevin McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Pamela McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/13/2026            By:

G. Cooper, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/13/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Geomag_ Deputy<br>G. Cooper |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>Allen G. Robberson, Jr. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>26CV174249 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Rescheduling or Relocation entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Kirk R. Presley
Presley & Presley LLC
kirk@presleyandpresley.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/13/2026                    By:

G. Cooper, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6**

**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiff

FILED
Superior Court of California
County of Alameda
04/14/2026
Chad Flake, Executive Officer/Clerk of the Court
By: _____ Deputy
C. Huang

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

KEVIN MCGINNIS, and

PAMELA MCGINNIS,

                    Plaintiffs,

        vs.

ALLEN G. ROBBERSON, JR.; HONDA
MOTOR CO., LTD. a foreign corporation;
AMERICAN HONDA MOTOR CO.,
INC., a California corporation; and
comma.ai, Inc. a
Delaware corporation

                    Defendants.

CASE NO: 26CV174249

**FIRST AMENDED COMPLAINT FOR**

**DAMAGES FOR:**

**1. Motor Vehicle Negligence**
**2. Strict Products Liability**
**3. Negligence [Product liability]**
**4. Loss of Consortium**

COMES NOW Plaintiffs, Kevin McGinnis and Pamela McGinnis for causes of action against Defendants Allen G. Robberson, Jr., Honda Motor Co., LTD., American Honda Motor Co., Inc., and comma.ai, Inc., allege as follows:

**COMMON ALLEGATIONS FOR ALL CAUSES OF ACTION**

1.    At all relevant times Kevin McGinnis was an individual citizen and resident of Country Club, Andrew County, Missouri. KEVIN was severely injured in a motor vehicle crash on September 22, 2025, which gives rise to these causes of action.

2.    At all relevant times Pamela McGinnis was and is an individual citizen and resident of

1
COMPLAINT FOR DAMAGES

Electronically Received 04/14/2026 12:00 PM

Country Club, Andrew County, Missouri, and the lawful wife of Kevin McGinnis.

3.     Allen G. Robberson ("ROBBERSON") is an individual citizen and resident of Oakland, Alameda County, California.

4.     At all relevant times, Defendant HONDA MOTOR CO. LTD. ("HONDA JAPAN") was and is a foreign corporation with its principal place of business in Tokyo, Japan. HONDA JAPAN manufactures and sells automobiles through independent retail sellers, outlets, and authorized dealers in the United States with the business interest and intent to sell these automobiles and other motor vehicles and motor vehicle components in San Diego County and the State of California, thereby intentionally relying on the commerce and laws of the State of California to help it receive the benefit of millions of dollars of revenue from these sales in the State of California each year.

5.     At all relevant times, Defendant AMERICAN HONDA MOTOR CO., INC. ("AHMC") was and is a California corporation, with its corporate headquarters in Torrance, Los Angeles County, California. AHMC is a subsidiary of HONDA JAPAN and conducts the sale, marketing, and operational activities for Honda automobiles in the United States. AHMC manufactures and assembles its vehicles for sale in the United States in plants located in Indiana, Ohio, and Alabama.

6.     comma.ai, Inc. is a Delaware corporation with its principal place of business in San Diego, San Diego County, California. Harald Schaefer is its duly appointed Registered Agent for the receipt of service of process.

7.     At all times mentioned herein, Defendants HONDA JAPAN and AHMC were and are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling and advertising the 2020 Honda Accord Touring Hybrid (hereafter "the ACCORD") and each component part thereof, which Defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

8.     On September 22, 2025, Defendant ROBBERSON was the registered owner and operator of the ACCORD, California License Plate number 8SFX724, Vehicle Identification No.: 1HGCV3F94LA008706, and every component part thereof, including an after-market advanced autonomous driver assistance system known as openpilot (hereafter "OPENPILOT SYSTEM"), which was manufactured, produced and sold by comma.ai, Inc. specifically for use in conjunction with the ACCORD.

9.     At all times mentioned herein, Defendant comma.ai, Inc., was and is engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling and advertising the OPENPILOT SYSTEM and each component part thereof, which Defendant knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

10.     On September 22, 2025, Defendant ROBBERSON did so negligently and carelessly operate the ACCORD by setting the cruise control on 80 mph and falling asleep, while westbound on Highway 36, relying on the autonomous features of the ACCORD and OPENPILOT SYSTEM to avoid a collision.

11.     As ROBBERSON approached the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri, travelling westbound on Highway 36, he was asleep while at the wheel of the ACCORD.

12.     Plaintiff KEVIN, was operating a 2013 Chevrolet Cruze and was the last car in a line of four vehicles, stopped facing westbound on Highway 36 at a red-light traffic signal governing westbound traffic at the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri.

13.     Defendant ROBBERSON operated the ACCORD in a negligent fashion by setting the adaptive cruise control on the ACCORD to 80 mph and failed to slow, brake or stop the ACCORD striking the rear of KEVIN's Chevrolet Cruze at 80 mph and violently forcing the Cruze into the vehicle stopped ahead of him.

14. The negligence of Defendant ROBBERSON directly contributed to causing the collision with KEVIN's vehicle and directly caused severe, permanent, and progressively worsening injuries.

15. The autonomous emergency braking system on the ACCORD failed to detect an impending collision and engage the brake mechanism to stop or slow the ACCORD upon its impending impact, directly contributing to cause the collision and injuries to KEVIN.

16. The OPENPILOT SYSTEM manufactured by comma.ai, Inc. failed to detect a speed limit change to 45 mph leading up to the intersection, failed to coordinate with the adaptive cruise control to slow or stop the ACCORD and failed to engage the autonomous emergency braking on the ACCORD directly contributing to cause the collision and injuries to KEVIN.

17. Defendants HONDA JAPAN and AHMC failed to prevent after-market modifications to the ACCORD including by providing access for the implementation of comma.ai's artificial-intelligence-driven autonomous driving OPENPILOT SYSTEM, which caused or contributed to the adaptive cruise control system installed in the ACCORD failing to slow or stop the ACCORD by engaging the autonomous emergency braking system on the ACCORD, directly contributing to causing the collision and injuries to KEVIN.

18. The negligence of Defendant ROBBERSON and the negligence and product liability of Defendants HONDA JAPAN, AHMC, and comma.ai, Inc., combined and directly contributed to cause the collision with KEVIN's vehicle and directly caused severe, permanent, and progressively worsening injuries.

### FIRST CAUSE OF ACTION

(Motor Vehicle Negligence against Defendant ROBBERSON)

19. Plaintiffs incorporate, repeats and re-alleges each allegation in paragraphs 1-18 as though fully set forth herein.

20. Defendant ROBBERSON was operating his ACCORD on a public highway in the State of Missouri and as such owed a duty to follow motorists, including KEVIN, to do so with the highest degree of care.

21. ROBBERSON owed a duty to operate his ACCORD as would a very careful person

4
COMPLAINT FOR DAMAGES

under the same or similar circumstances.

22.    ROBBERSON violated said duty and was careless and negligent in the following respects:

    a.    operating his ACCORD at 80 mph in a 45-mph zone;

    b.    operating his ACCORD while asleep at the wheel and thereby failing to keep a careful lookout for vehicles stopped at the traffic signal;

    c.    following too closely to vehicles which came to a stop at the traffic signal causing the ACCORD to strike the rear of KEVIN's vehicle;

    d.    failing to slow, brake, reduce speed and stop to avoid coming into a collision with the rear of KEVIN's vehicle which was lawfully stopped at the intersection;

    e.    negligently and carelessly relying on the comma.ai, Inc. OPENPILOT SYSTEM to control the ACCORD and avoid collisions; and

    f.    such further conduct as may be revealed in the course of discovery.

23.    The negligent conduct of ROBBERSON directly caused or contributed to cause the rear-end collision with KEVIN's vehicle that resulted in KEVIN sustaining severe, permanent and progressively worsening injuries including severe orthopaedic injuries and internal injuries requiring surgical repair, significant injuries to KEVIN's brain, causing neurological damage all requiring ongoing physical, occupational, speech and cognitive therapy to this day.

24.    As a direct and proximate result of the combined negligence of Defendant ROBBERSON as aforesaid, KEVIN has incurred medical expenses and will incur additional expenses in the future; KEVIN has sustained lost income from his employment and is disabled such that he will sustain additional lost wages and lost economic benefits in the future.

## SECOND CAUSE OF ACTION
(Strict Product Liability against Defendants HONDA JAPAN, AHMC, and comma.ai, Inc.)

25.    Plaintiffs re-allege, repeat, and incorporate by reference each of paragraphs 1 through 24, above, as though fully set forth herein.

26.    Defendants HONDA JAPAN, AHMC and comma.ai, Inc., knew that the ACCORD and OPENPILOT SYSTEM were to be purchased and used without inspection for defects by the users of that vehicle and product including but not limited to the Plaintiff KEVIN.

27.    The ACCORD, and each of its component parts, was manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, adjusted, and selected by Defendants HONDA JAPAN and AHMC in the ordinary course of their business, but nonetheless contained inherent vices and defects both in design and manufacturing (hereafter "SUBJECT DEFECTS"), and by the defendant's failure to adequately warn of the SUBJECT DEFECTS of which they were at all times aware, which SUBJECT DEFECTS made the ACCORD and each of its component parts, unreasonably dangerous, hazardous and unsafe both for its intended and reasonably anticipated use without knowledge of its characteristics or for reasonably foreseeable misuses.

28.    These SUBJECT DEFECTS inherent in the ACCORD included, but were not limited to the following:

a.  A defective and unsafe Adaptive Cruise Control ("ACC") system, which failed to utilize its camera and radar mechanisms to detect other vehicles ahead of the and decelerate or stop the ACCORD in order to reduce or prevent a collision.

b.  A defective and unsafe Collision Mitigating Braking System ("CMBS"), which failed to utilize its camera and radar mechanisms to alert Defendant ROBBERSON as to impending potential collisions or reduce the speed of the ACCORD to mitigate impact damage from unavoidable collisions, such as the SUBJECT ACCIDENT, causing the

ACCORD to maintain an unsafe speed of 80 mph.

    c.  A defective and unsafe Traffic Sign Recognition System, which failed to detect or warn Defendant ROBBERSON of posted traffic signs, such as the prominent lowered speed limit sign which ROBBERSON's ACCORD had passed through prior to the SUBJECT ACCIDENT, allowing the ACCORD to maintain an unsafe speed of 80 mph on a roadway with a posted speed limit of 45 mph.

    d.  A defective and unsafe design defect which provides access for after-market autonomous driver assistance systems such as the OPENPILOT SYSTEM to connect to the ACCORD's Controller Area Network ("CAN") in order to modify existing safety features on the ACCORD including, but not limited to, those described herein, so as to override and fail to coordinate with such safety features and prevent them from functioning safely and properly.

29.    The OPENPILOT SYSTEM and each of its component parts and systems were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, adjusted, selected, and used by comma.ai in the ordinary course of their business with inherent vices and defects in design and manufacturing and by failure to adequately warn consumers of the inclusion of the potentially dangerous components or systems, and contents, which made it unreasonably dangerous, hazardous and unsafe for the use which Defendant comm.ai, Inc., intended or reasonably anticipated without knowledge of its characteristics or for reasonably foreseeable misuses by consumers, including Plaintiff KEVIN.

30.    The SUBJECT DEFECTS inherent in the OPENPILOT SYSTEM include, but are not limited to, the following:

a. A defective and dangerous collision detection system which failed to detect vehicles ahead of the ACCORD prior to an impending high-speed collision, failed to prevent or mitigate the resulting high-speed collision, and failed to adequately warn of the risk of harm from such a failure to detect or prevent an impending collision;

b. A dangerous manufacturing or design defect which failed to detect or omitted a system which detects inattentive or unconscious drivers including Defendant ROBBERSON, and a failure to adequately warn of the risks of such use of the OPENPILOT SYSTEM;

c. A dangerous manufacturing or design defect which failed to detect or adequately warn of or omitted a system which detects or warns of changes in posted traffic signs and thus caused the ACCORD to continue traveling at dangerously high speeds, well above the posted speed limit, prior to Defendant ROBBERSON's collision with Plaintiff KEVIN;

d. An unreasonably dangerous manufacturing or design defect which fails to coordinate with, overrides, and prevents collision mitigation, cruise control, other safety systems existing in vehicles such as the ACCORD from operating safely and effectively and fails to adequately warn of the risk of harm from such failure to coordinate, override, or prevention.

e. An unreasonably dangerous warranty that the OPENPILOT SYSTEM was capable of operating the ACCORD safely without the driver being alert and watchful for road conditions and that it functioned as an autonomous driving system.

31. The existence of the defective and dangerous systems, contents, and other parts and components in the ACCORD and OPENPILOT SYSTEM at the time they were sold exposed

Plaintiff KEVIN to the foreseeable effects and injuries of a high-speed motor vehicle collision and directly caused the injuries and damages suffered by Plaintiff KEVIN, without an adequate warning, as alleged herein.

### THIRD CAUSE OF ACTION

(Negligence [Product liability] against Defendants HONDA JAPAN, AHMC, and comma.ai, Inc.)

32.     Plaintiffs incorporate, repeat, and re-allege each allegation in paragraphs 1 through 31, above, and incorporate the same by reference as though set forth in detail herein.

33.     At all times herein mentioned, Defendants HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, had a duty to use reasonable and ordinary care, which is that degree of care, skill, and learning that an ordinarily careful expert in defendant's business would use under the same or similar circumstances, in the manufacture, design, assembly, packaging, testing, fabricating, analysis, inspection, merchandising, marketing, distributing, labeling, advertising, promotion, sale, supply, lease, rental, lending, warning, selection, inspection and repair of said ACCORD and OPENPILOT SYSTEM and each of their component parts.

34.     These Defendants, and each of them, so negligently and carelessly, manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, modified, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, selected and provided inadequate warnings in relation to the ACCORD and OPENPILOT SYSTEM and each of their component parts so that the same were defective and dangerous products, unsafe and not crashworthy for the respective use and purpose for which they were intended when used or driven as recommended or for reasonably foreseeable misuse by members of the public, including the actions of Defendant ROBBERSON by rear-ending Plaintiff KEVIN's vehicle.

35.    At all times mentioned, Defendants HONDA JAPAN, AHMC and comma.ai, Inc., and each of them, knew, or in the exercise of reasonable care should have known, that the ACCORD and OPENPILOT SYSTEM and each of their component parts were not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, loaned, leased, rented, repaired, and selected, and provided inadequate warnings for their use in the purpose for which they were intended in that they were likely to injure persons who used the ACCORD or OPENPILOT SYSTEM, or both, and each of their component parts and aftermarket parts and installation guides, including Plaintiff KEVIN.

36.    In particular, the SUBJECT DEFECTS in the ACCORD and OPENPILOT SYSTEM and each of their component parts and systems included, but were not limited to:

a.    A dangerous defect which failed to detect or prevent impending collisions with vehicles in front of the ACCORD and failed to adequately warn of the risk of such a failure;

b.    A dangerous manufacturing defect which failed to detect Defendant ROBBERSON's lack of consciousness or awareness and failed to adequately warn against the risk of harm from using the ACCORD and OPENPILOT SYSTEM, and each of them, in such a manner;

c.    A dangerous defect which failed to detect the unreasonably dangerously high speed, in excess of prominently posted speed limits, at which the ACCORD was traveling prior to collision and failed to adequately warn of the risk of harm from such a failure.

37.    These Defendants, and each of them, failed to use ordinary care, which is that degree of care, skill, and learning than an ordinarily careful expert in Defendants' businesses would use

under the same or similar circumstances, to manufacture, design, assemble, package, test, fabricate, analyze, inspect, merchandise, design, distribute, label, advertise, promote, sell, supply, loan, lease, rent, repair and select the ACCORD and OPENPILOT SYSTEM to be reasonably safe and failed to adequately warn of the risk of harm from dangerous defects inherent in the ACCORD and OPENPILOT SYSTEM, including but not limited to ineffective or inoperative collision prevention, autonomous driver assistance, and traffic sign detection systems, dangerously ineffective systems for detection of unconscious drivers, unsafe design defects allowing for the installation of aftermarket, third-party autonomous driver assistance devices, and all other defects described herein.

38.     As a direct and legal result of the negligence, carelessness, and unlawful conduct of Defendants HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, and the defects inherent in the ACCORD and OPENPILOT SYSTEM, these Defendants legally caused serious and permanent injuries to Plaintiff KEVIN, all in turn legally resulting in KEVIN's damages which resulted from one or more of the defects described herein.

### FOURTH CAUSE OF ACTION
(Loss of Consortium by Plaintiff Pamela McGinnis against all Defendants)

39.     Plaintiff PAMELA re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40.     As a direct and proximate result of the collision and resulting injuries to KEVIN, Plaintiff PAMELA has suffered and continues to suffer loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the enjoyment of conjugal relations with her husband, and has sustained consequential economic losses, all in an amount according to proof at trial.

41.     As a direct and proximate result of the conduct of HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, as alleged herein, Plaintiff PAMELA seeks recovery of general

damages for loss of consortium and injury to KEVIN including pain, suffering, disability, disfigurement, emotional distress, and loss of enjoyment of life; special damages including past and future medical and related expenses; past and future loss of earnings and earning capacity; costs of life care and household services; and all other economic and non-economic damages normally afforded a wife by her husband, as permitted by law, in amounts to be proven at trial.

42.    Plaintiffs further seek prejudgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs pray for judgment against Defendants ROBBERSON, HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, as follows:

a.    For general damages in an amount according to proof at trial;

b.    For special damages, including past and future medical expenses, lost wages, lost earning capacity, and other economic losses, in an amount according to proof at trial;

c.    For damages for loss of consortium in favor of Plaintiff Pamela McGinnis, in an amount according to proof at trial;

d.    For prejudgment and post-judgment interest as permitted by law;

e.    For costs of suit incurred herein; and

f.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Date: April 7, 2026.

_____
KIRK R. PRESLEY
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kirk R. Presley  State Bar No: 145778<br>Presley & Presley, LLC<br>4801 Main Street, Suite 375<br>Kansas City, MO 64112<br>TELEPHONE NO.: 816-931-4611    FAX NO.: 816-931-4646<br>ATTORNEY FOR *(Name)*: Plaintiffs Kevin McGinnis and Pamela McGinnis | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>04/14/2026 at 12:00:30 PM<br>By: Chan Huang,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon St, Oakland, CA 94612
MAILING ADDRESS: 1225 Fallon St, Oakland, CA 94612
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME:
MCGINNIS, et al. vs ROBBERSON

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 26CV174249 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☑ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. ( u may use form CM-015.)

Date: 04/10/2026

Kirk R. Presley
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition