**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:     (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiff

**FILED**
Superior Court of California
County of Alameda
04/14/2026
Chad Fluke, Executive Officer/Clerk of the Court
By: _____ Deputy
C. Huang

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| KEVIN MCGINNIS, and<br><br>PAMELA MCGINNIS,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ALLEN G. ROBBERSON, JR.; HONDA MOTOR CO., LTD. a foreign corporation; AMERICAN HONDA MOTOR CO., INC., a California corporation; and comma.ai, Inc. a Delaware corporation<br><br>        Defendants. | **CASE NO:** 26CV174249<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1. Motor Vehicle Negligence**<br>**2. Strict Products Liability**<br>**3. Negligence [Product liability]**<br>**4. Loss of Consortium** |

COMES NOW Plaintiffs, Kevin McGinnis and Pamela McGinnis for causes of action against Defendants Allen G. Robberson, Jr., Honda Motor Co., LTD., American Honda Motor Co., Inc., and comma.ai, Inc., allege as follows:

### COMMON ALLEGATIONS FOR ALL CAUSES OF ACTION

1.     At all relevant times Kevin McGinnis was an individual citizen and resident of Country Club, Andrew County, Missouri. KEVIN was severely injured in a motor vehicle crash on September 22, 2025, which gives rise to these causes of action.

2.     At all relevant times Pamela McGinnis was and is an individual citizen and resident of

Electronically Received 04/14/2026 12:00 PM

Country Club, Andrew County, Missouri, and the lawful wife of Kevin McGinnis.

3.    Allen G. Robberson ("ROBBERSON") is an individual citizen and resident of Oakland, Alameda County, California.

4.    At all relevant times, Defendant HONDA MOTOR CO. LTD. ("HONDA JAPAN") was and is a foreign corporation with its principal place of business in Tokyo, Japan. HONDA JAPAN manufactures and sells automobiles through independent retail sellers, outlets, and authorized dealers in the United States with the business interest and intent to sell these automobiles and other motor vehicles and motor vehicle components in San Diego County and the State of California, thereby intentionally relying on the commerce and laws of the State of California to help it receive the benefit of millions of dollars of revenue from these sales in the State of California each year.

5.    At all relevant times, Defendant AMERICAN HONDA MOTOR CO., INC. ("AHMC") was and is a California corporation, with its corporate headquarters in Torrance, Los Angeles County, California. AHMC is a subsidiary of HONDA JAPAN and conducts the sale, marketing, and operational activities for Honda automobiles in the United States. AHMC manufactures and assembles its vehicles for sale in the United States in plants located in Indiana, Ohio, and Alabama.

6.    comma.ai, Inc. is a Delaware corporation with its principal place of business in San Diego, San Diego County, California. Harald Schaefer is its duly appointed Registered Agent for the receipt of service of process.

7.    At all times mentioned herein, Defendants HONDA JAPAN and AHMC were and are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling and advertising the 2020 Honda Accord Touring Hybrid (hereafter "the ACCORD") and each component part thereof, which Defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

8.    On September 22, 2025, Defendant ROBBERSON was the registered owner and operator of the ACCORD, California License Plate number 8SFX724, Vehicle Identification No.: 1HGCV3F94LA008706, and every component part thereof, including an after-market advanced autonomous driver assistance system known as openpilot (hereafter "OPENPILOT SYSTEM"), which was manufactured, produced and sold by comma.ai, Inc. specifically for use in conjunction with the ACCORD.

9.    At all times mentioned herein, Defendant comma.ai, Inc., was and is engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling and advertising the OPENPILOT SYSTEM and each component part thereof, which Defendant knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.

10.    On September 22, 2025, Defendant ROBBERSON did so negligently and carelessly operate the ACCORD by setting the cruise control on 80 mph and falling asleep, while westbound on Highway 36, relying on the autonomous features of the ACCORD and OPENPILOT SYSTEM to avoid a collision.

11.    As ROBBERSON approached the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri, travelling westbound on Highway 36, he was asleep while at the wheel of the ACCORD.

12.    Plaintiff KEVIN, was operating a 2013 Chevrolet Cruze and was the last car in a line of four vehicles, stopped facing westbound on Highway 36 at a red-light traffic signal governing westbound traffic at the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri.

13.    Defendant ROBBERSON operated the ACCORD in a negligent fashion by setting the adaptive cruise control on the ACCORD to 80 mph and failed to slow, brake or stop the ACCORD striking the rear of KEVIN's Chevrolet Cruze at 80 mph and violently forcing the Cruze into the vehicle stopped ahead of him.

14.    The negligence of Defendant ROBBERSON directly contributed to causing the collision with KEVIN's vehicle and directly caused severe, permanent, and progressively worsening injuries.

15.    The autonomous emergency braking system on the ACCORD failed to detect an impending collision and engage the brake mechanism to stop or slow the ACCORD upon its impending impact, directly contributing to cause the collision and injuries to KEVIN.

16.    The OPENPILOT SYSTEM manufactured by comma.ai, Inc. failed to detect a speed limit change to 45 mph leading up to the intersection, failed to coordinate with the adaptive cruise control to slow or stop the ACCORD and failed to engage the autonomous emergency braking on the ACCORD directly contributing to cause the collision and injuries to KEVIN.

17.    Defendants HONDA JAPAN and AHMC failed to prevent after-market modifications to the ACCORD including by providing access for the implementation of comma.ai's artificial-intelligence-driven autonomous driving OPENPILOT SYSTEM, which caused or contributed to the adaptive cruise control system installed in the ACCORD failing to slow or stop the ACCORD by engaging the autonomous emergency braking system on the ACCORD, directly contributing to causing the collision and injuries to KEVIN.

18.    The negligence of Defendant ROBBERSON and the negligence and product liability of Defendants HONDA JAPAN, AHMC, and comma.ai, Inc., combined and directly contributed to cause the collision with KEVIN's vehicle and directly caused severe, permanent, and progressively worsening injuries.

### FIRST CAUSE OF ACTION

(Motor Vehicle Negligence against Defendant ROBBERSON)

19.    Plaintiffs incorporate, repeats and re-alleges each allegation in paragraphs 1-18 as though fully set forth herein.

20.    Defendant ROBBERSON was operating his ACCORD on a public highway in the State of Missouri and as such owed a duty to follow motorists, including KEVIN, to do so with the highest degree of care.

21.    ROBBERSON owed a duty to operate his ACCORD as would a very careful person

4
COMPLAINT FOR DAMAGES

under the same or similar circumstances.

22.    ROBBERSON violated said duty and was careless and negligent in the following respects:

    a.    operating his ACCORD at 80 mph in a 45-mph zone;

    b.    operating his ACCORD while asleep at the wheel and thereby failing to keep a careful lookout for vehicles stopped at the traffic signal;

    c.    following too closely to vehicles which came to a stop at the traffic signal causing the ACCORD to strike the rear of KEVIN's vehicle;

    d.    failing to slow, brake, reduce speed and stop to avoid coming into a collision with the rear of KEVIN's vehicle which was lawfully stopped at the intersection;

    e.    negligently and carelessly relying on the comma.ai, Inc. OPENPILOT SYSTEM to control the ACCORD and avoid collisions; and

    f.    such further conduct as may be revealed in the course of discovery.

23.    The negligent conduct of ROBBERSON directly caused or contributed to cause the rear-end collision with KEVIN's vehicle that resulted in KEVIN sustaining severe, permanent and progressively worsening injuries including severe orthopaedic injuries and internal injuries requiring surgical repair, significant injuries to KEVIN's brain, causing neurological damage all requiring ongoing physical, occupational, speech and cognitive therapy to this day.

24.    As a direct and proximate result of the combined negligence of Defendant ROBBERSON as aforesaid, KEVIN has incurred medical expenses and will incur additional expenses in the future; KEVIN has sustained lost income from his employment and is disabled such that he will sustain additional lost wages and lost economic benefits in the future.

## SECOND CAUSE OF ACTION
(Strict Product Liability against Defendants HONDA JAPAN, AHMC, and comma.ai, Inc.)

25.    Plaintiffs re-allege, repeat, and incorporate by reference each of paragraphs 1 through 24, above, as though fully set forth herein.

26.    Defendants HONDA JAPAN, AHMC and comma.ai, Inc., knew that the ACCORD and OPENPILOT SYSTEM were to be purchased and used without inspection for defects by the users of that vehicle and product including but not limited to the Plaintiff KEVIN.

27.    The ACCORD, and each of its component parts, was manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, adjusted, and selected by Defendants HONDA JAPAN and AHMC in the ordinary course of their business, but nonetheless contained inherent vices and defects both in design and manufacturing (hereafter "SUBJECT DEFECTS"), and by the defendant's failure to adequately warn of the SUBJECT DEFECTS of which they were at all times aware, which SUBJECT DEFECTS made the ACCORD and each of its component parts, unreasonably dangerous, hazardous and unsafe both for its intended and reasonably anticipated use without knowledge of its characteristics or for reasonably foreseeable misuses.

28.    These SUBJECT DEFECTS inherent in the ACCORD included, but were not limited to the following:

   a.    A defective and unsafe Adaptive Cruise Control ("ACC") system, which failed to utilize its camera and radar mechanisms to detect other vehicles ahead of the and decelerate or stop the ACCORD in order to reduce or prevent a collision.

   b.    A defective and unsafe Collision Mitigating Braking System ("CMBS"), which failed to utilize its camera and radar mechanisms to alert Defendant ROBBERSON as to impending potential collisions or reduce the speed of the ACCORD to mitigate impact damage from unavoidable collisions, such as the SUBJECT ACCIDENT, causing the

ACCORD to maintain an unsafe speed of 80 mph.

    c.  A defective and unsafe Traffic Sign Recognition System, which failed to detect or warn Defendant ROBBERSON of posted traffic signs, such as the prominent lowered speed limit sign which ROBBERSON's ACCORD had passed through prior to the SUBJECT ACCIDENT, allowing the ACCORD to maintain an unsafe speed of 80 mph on a roadway with a posted speed limit of 45 mph.

    d.  A defective and unsafe design defect which provides access for after-market autonomous driver assistance systems such as the OPENPILOT SYSTEM to connect to the ACCORD's Controller Area Network ("CAN") in order to modify existing safety features on the ACCORD including, but not limited to, those described herein, so as to override and fail to coordinate with such safety features and prevent them from functioning safely and properly.

29.    The OPENPILOT SYSTEM and each of its component parts and systems were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, adjusted, selected, and used by comma.ai in the ordinary course of their business with inherent vices and defects in design and manufacturing and by failure to adequately warn consumers of the inclusion of the potentially dangerous components or systems, and contents, which made it unreasonably dangerous, hazardous and unsafe for the use which Defendant comm.ai, Inc., intended or reasonably anticipated without knowledge of its characteristics or for reasonably foreseeable misuses by consumers, including Plaintiff KEVIN.

30.    The SUBJECT DEFECTS inherent in the OPENPILOT SYSTEM include, but are not limited to, the following:

a.  A defective and dangerous collision detection system which failed to detect vehicles ahead of the ACCORD prior to an impending high-speed collision, failed to prevent or mitigate the resulting high-speed collision, and failed to adequately warn of the risk of harm from such a failure to detect or prevent an impending collision;

b.  A dangerous manufacturing or design defect which failed to detect or omitted a system which detects inattentive or unconscious drivers including Defendant ROBBERSON, and a failure to adequately warn of the risks of such use of the OPENPILOT SYSTEM;

c.  A dangerous manufacturing or design defect which failed to detect or adequately warn of or omitted a system which detects or warns of changes in posted traffic signs and thus caused the ACCORD to continue traveling at dangerously high speeds, well above the posted speed limit, prior to Defendant ROBBERSON's collision with Plaintiff KEVIN;

d.  An unreasonably dangerous manufacturing or design defect which fails to coordinate with, overrides, and prevents collision mitigation, cruise control, other safety systems existing in vehicles such as the ACCORD from operating safely and effectively and fails to adequately warn of the risk of harm from such failure to coordinate, override, or prevention.

e.  An unreasonably dangerous warranty that the OPENPILOT SYSTEM was capable of operating the ACCORD safely without the driver being alert and watchful for road conditions and that it functioned as an autonomous driving system.

31.  The existence of the defective and dangerous systems, contents, and other parts and components in the ACCORD and OPENPILOT SYSTEM at the time they were sold exposed

Plaintiff KEVIN to the foreseeable effects and injuries of a high-speed motor vehicle collision and directly caused the injuries and damages suffered by Plaintiff KEVIN, without an adequate warning, as alleged herein.

### THIRD CAUSE OF ACTION

(Negligence [Product liability] against Defendants HONDA JAPAN, AHMC, and comma.ai, Inc.)

32. Plaintiffs incorporate, repeat, and re-allege each allegation in paragraphs 1 through 31, above, and incorporate the same by reference as though set forth in detail herein.

33. At all times herein mentioned, Defendants HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, had a duty to use reasonable and ordinary care, which is that degree of care, skill, and learning that an ordinarily careful expert in defendant's business would use under the same or similar circumstances, in the manufacture, design, assembly, packaging, testing, fabricating, analysis, inspection, merchandising, marketing, distributing, labeling, advertising, promotion, sale, supply, lease, rental, lending, warning, selection, inspection and repair of said ACCORD and OPENPILOT SYSTEM and each of their component parts.

34. These Defendants, and each of them, so negligently and carelessly, manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, modified, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, selected and provided inadequate warnings in relation to the ACCORD and OPENPILOT SYSTEM and each of their component parts so that the same were defective and dangerous products, unsafe and not crashworthy for the respective use and purpose for which they were intended when used or driven as recommended or for reasonably foreseeable misuse by members of the public, including the actions of Defendant ROBBERSON by rear-ending Plaintiff KEVIN's vehicle.

35.   At all times mentioned, Defendants HONDA JAPAN, AHMC and comma.ai, Inc., and each of them, knew, or in the exercise of reasonable care should have known, that the ACCORD and OPENPILOT SYSTEM and each of their component parts were not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, loaned, leased, rented, repaired, and selected, and provided inadequate warnings for their use in the purpose for which they were intended in that they were likely to injure persons who used the ACCORD or OPENPILOT SYSTEM, or both, and each of their component parts and aftermarket parts and installation guides, including Plaintiff KEVIN.

36.   In particular, the SUBJECT DEFECTS in the ACCORD and OPENPILOT SYSTEM and each of their component parts and systems included, but were not limited to:

    a.  A dangerous defect which failed to detect or prevent impending collisions with vehicles in front of the ACCORD and failed to adequately warn of the risk of such a failure;

    b.  A dangerous manufacturing defect which failed to detect Defendant ROBBERSON's lack of consciousness or awareness and failed to adequately warn against the risk of harm from using the ACCORD and OPENPILOT SYSTEM, and each of them, in such a manner;

    c.  A dangerous defect which failed to detect the unreasonably dangerously high speed, in excess of prominently posted speed limits, at which the ACCORD was traveling prior to collision and failed to adequately warn of the risk of harm from such a failure.

37.   These Defendants, and each of them, failed to use ordinary care, which is that degree of care, skill, and learning than an ordinarily careful expert in Defendants' businesses would use

under the same or similar circumstances, to manufacture, design, assemble, package, test, fabricate, analyze, inspect, merchandise, design, distribute, label, advertise, promote, sell, supply, loan, lease, rent, repair and select the ACCORD and OPENPILOT SYSTEM to be reasonably safe and failed to adequately warn of the risk of harm from dangerous defects inherent in the ACCORD and OPENPILOT SYSTEM, including but not limited to ineffective or inoperative collision prevention, autonomous driver assistance, and traffic sign detection systems, dangerously ineffective systems for detection of unconscious drivers, unsafe design defects allowing for the installation of aftermarket, third-party autonomous driver assistance devices, and all other defects described herein.

38.     As a direct and legal result of the negligence, carelessness, and unlawful conduct of Defendants HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, and the defects inherent in the ACCORD and OPENPILOT SYSTEM, these Defendants legally caused serious and permanent injuries to Plaintiff KEVIN, all in turn legally resulting in KEVIN's damages which resulted from one or more of the defects described herein.

### FOURTH CAUSE OF ACTION
(Loss of Consortium by Plaintiff Pamela McGinnis against all Defendants)

39.     Plaintiff PAMELA re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40.     As a direct and proximate result of the collision and resulting injuries to KEVIN, Plaintiff PAMELA has suffered and continues to suffer loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the enjoyment of conjugal relations with her husband, and has sustained consequential economic losses, all in an amount according to proof at trial.

41.     As a direct and proximate result of the conduct of HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, as alleged herein, Plaintiff PAMELA seeks recovery of general

damages for loss of consortium and injury to KEVIN including pain, suffering, disability, disfigurement, emotional distress, and loss of enjoyment of life; special damages including past and future medical and related expenses; past and future loss of earnings and earning capacity; costs of life care and household services; and all other economic and non-economic damages normally afforded a wife by her husband, as permitted by law, in amounts to be proven at trial.

42.     Plaintiffs further seek prejudgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs pray for judgment against Defendants ROBBERSON, HONDA JAPAN, AHMC, and comma.ai, Inc., and each of them, as follows:

a.     For general damages in an amount according to proof at trial;

b.     For special damages, including past and future medical expenses, lost wages, lost earning capacity, and other economic losses, in an amount according to proof at trial;

c.     For damages for loss of consortium in favor of Plaintiff Pamela McGinnis, in an amount according to proof at trial;

d.     For prejudgment and post-judgment interest as permitted by law;

e.     For costs of suit incurred herein; and

f.     For such other and further relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a trial by jury.

Date: April 7, 2026.

_____
KIRK R. PRESLEY
Attorney for Plaintiffs

12
COMPLAINT FOR DAMAGES