**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KEVIN MCGINNIS, and
PAMELA MCGINNIS,

               Plaintiffs,

     vs.

ALLEN G. ROBBERSON, JR.,
HONDA MOTOR CO., LTD.,
AMERICAN HONDA MOTOR CO.,
INC., and COMMA.AI, INC.,

               Defendants.

CASE NO:  3:26-cv-3254

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

Date: May 21, 2026
Time: 10:00 a.m.

Hon. Thomas Hixson
Courtroom: Courtroom E-15th Floor

Date Removed: April 16, 2026
Complaint Filed: March 4, 2026
Trial Date: None Set

- 1 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT
**3:26-cv-3254-TSH**

NOTICE IS HEREBY GIVEN that on May 21, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom E-15th Floor of this Court, the Honorable Thomas Hixson presiding, Plaintiffs will move for an Order remanding this action to the Alameda County, California Superior Court.

This motion will be made on the grounds that Defendant comma.ai's Notice of Removal was procedurally defective pursuant by violating 28 U.S.C. §1441(b)(2).  Specifically, Defendant Allen Robberson is a citizen of California and was properly joined and served with this action over thirty days prior to Defendant comma.ai's filing its Notice of Removal to this Court. The Motion to Remand is timely under 28 U.S.C. §1447 and requires remand of this action to the Alameda County, California Superior Court.

This Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of the motion.

DATED: April 27, 2026                                    **PRESLEY & PRESLEY, LLC**

By:     */s/ Kirk R. Presley*
PRESLEY & PRESLEY, LLC
Kirk R. Presley, esq.
*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT
**3:26-cv-3254-TSH**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Summary of Motion

Plaintiffs' Motion to Remand presents a straightforward legal issue for the Court.  While Defendant comma.ai's has engaged in 'snap removal', the appropriateness of this practice is not an issue the Court must address.  Instead, the only issue before the Court is the application of the Forum Defendant Rule (28 U.S.C. §1441(b)(2)) when it is undisputed that a forum defendant was properly joined and served in the state court proceeding prior to a notice of removal being filed.  In such a situation, the removal statutes require the action be remanded to state court.

### II.    Relevant Factual Background

On September 22, 2025, Plaintiff Kevin McGinnis was severely injured in a motor vehicle collision in DeKalb County, Missouri. (ECF 1-1, ¶1).  The vehicle that struck Plaintiff was driven by Defendant Allan Robberson. (ECF ¶¶4-8).

#### a.   Parties

1)  Plaintiffs Kevin and Pamela McGinnis are citizens of the State of Missouri. (ECF 1 at ¶¶ 8-9)

2)  Defendant Robberson is a citizen of the state of California. (ECF 1 at ¶ 10)

3)  Defendant comma.ai, Inc. is a corporation and deemed a citizen of the state of Delaware and California. (ECF 1 at ¶ 13)

4)  Defendant Honda Motor Co., Ltd. is a foreign corporation with its principal place of business in the state of Japan. (ECF 1 at ¶ 11)

5)  Defendant Honda Motor Co., Inc. is a corporation and deemed a citizen of the state of California. (ECF 1 at ¶ 12). Defendant Honda Motor Co., Ltd. and Honda Motor Co., Inc. will be collectively referred to as the "Honda Defendants".

#### b.   State Court Lawsuit

6)  On March 4, 2026, Plaintiffs filed the present lawsuit in the Superior Court for the County of Alameda, California. The lawsuit was assigned case number 26CV174249 ("State Court Lawsuit").  Initially, Defendant Robberson was the only named

Defendant in the State Court Lawsuit. (ECF 1-2 at pgs. 1-5).

7) On March 12, 2026, Defendant Robberson was **served** with the State Court Lawsuit. (ECF 1-1 at pgs. 11-12).  Plaintiffs filed a Proof of Service of Defendant Robberson on March 16, 2026 in the State Court Lawsuit. (*Id.)*

8) On April 14, 2026, Plaintiffs filed a First Amended Complaint in the State Court Lawsuit. (ECF 1-1 at pgs. 24-37).  The First Amended Complaint added Defendant comma.ai's and the Honda Defendants as Defendants under theories of strict products liability and negligence for their role in causing the September 22, 2025 motor vehicle collision. (*Id.*).

9) On April 16, 2026, prior to being served with the State Court Lawsuit, Defendant comma.ai's filed a Notice of Removal in an effort to remove the State Court Lawsuit from Alameda County to this Court. (ECF 1).

10) The sole basis for Defendant comma.ai's of this action is diversity of citizenship under 28 U.S.C. §1332 and §1441.  Apparently Defendant Robberson's attorney, who did not enter an appearance in the State Court Lawsuit, signed the joinder of Defendant comma.ai's Notice of Removal on behalf of Defendant Robberson. (ECF 1-2).  The Honda Defendants have not been served and have not filed any consent to Defendant comma.ai's Notice of Removal.

### III.     Legal Standard for Removal of State Court Action and Remand

28 U.S.C. §1447 provides that, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of a notice of removal under section 1446(a)." 28 U.S.C. §1447(c).  "The procedure for challenging the propriety of removal is a motion to remand the case back to state court."  *Regional Stone Ltd. v. Long's Drug Stores California, L.L.C.*, 881 F.Supp.2d 1123, 1126 (N.D. Cal. 2012)(*citing Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  Additionally, "courts construe removal statutes strictly, resolving any doubts about removal in favor of remand and placing on defendants the burden of establishing that removal was proper." *Regional Stone Ltd.*, 553 F.Supp.2d at 1126.

While cases originally filed in state court may be removable to federal court if the jurisdictional requirements of 28 U.S.C. §1332 are present, Congress has placed limitations on the ability of defendants to remove cases to federal court.  This includes the forum defendant rule found at 28 U.S.C. §1441(b)(2).  The rule provides that, "A civil action otherwise removable solely on the basis of diversity jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." 28 U.S.C. §1441(b)(2).  If a forum defendant is joined and served in the state court action before a notice of removal is filed, the forum defendant rule is applicable and remand of the action to state court is generally required. See *Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 932 (N.D. Cal. 2022)(Ordering remand to state court when a forum defendant been joined and served prior to a the filing of a notice of removal); *see generally Regional Stone Ltd.*, 553 F.Supp.2d at 1126 ("It is undisputed that if [forum defendant] had been served before CVS removed, the forum defendant rule would bar removal of this case."). The Ninth Circuit and district courts have determined that the forum defendant rule is procedural, non-jurisdictional defect, and a motion to remand must be filed within the 30 days specified by 28 U.S.C. §1447(c).  *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006); *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022 (N.D. Cal. 2017) . ("Since the forum defendant rule is procedural rather than jurisdictional, a plaintiff must file a motion to remand on this basis within 30 days of removal.")

### IV.    The Forum Defendant Rule Requires Remand

#### a.    *Defendant comma.ai's Notice of Removal Was Procedurally Defective*

At the time of removal, there is no dispute that Defendant Robberson was a California citizen. (See ECF 1-1 at pg. 1 at ¶1; ECF 1-2 at pg. 2 at ¶2; ECF 1 at ¶10).  Further, Defendant comma.ai's has not challenged or alleged that Defendant Robberson was improperly or fraudulently joined as a defendant to the State Court Lawsuit.  Such an argument cannot be plausibly made given the facts of the September 22, 2025 wreck and Defendant Robberson's role in causing the wreck.

Additionally, there is no dispute that Defendant Robberson was served with the initial complaint in the State Court Action on March 12, 2025 and that Plaintiffs filed a Proof of Service

with the Superior Court of Alameda County on March 16, 2026. (See ECF  1-1 at pgs. 11-12). Neither Defendant comma.ai's nor Defendant Robberson have indicated that service on Defendant Robberson was somehow improper.  Despite Defendant Robberson being properly joined and served, Defendant comma.ai's filed its Notice of Removal over a month later on April 16, 2026. (ECF 1). This was improper pursuant to 28 U.S.C. 28 U.S.C. §1441(b)(2) and renders the Notice of Removal procedurally defective.

Rather than address or directly inform the Court that Defendant Robberson had been served a month earlier in the State Court Lawsuit, Defendant comma.ai's appears to imply that Defendant Robberson had not been served within the meaning of §1441(b)(2) by stating that "Defendant Robberson has not yet been served with a copy of the Amended Complaint."  While it is true that Defendant Robberson has not been served with a copy of the Amended Complaint, this is simply immaterial.  Defendant Robberson had been joined and served with the State Court Lawsuit since March thus invoking §1441(b)(2) prohibition on removal of the State Court Lawsuit.  There is no language contained within §1441(b)(2) requiring a forum defendant to be re-served each time an Amended Complaint is filed and reading such language into the section would contravene the requirements that removal statutes be construed strictly.

28 U.S.C. §1441(b)(2) means exactly what it says.  When a forum defendant has been joined and served with a state court action, the action cannot be removed even if diversity jurisdiction is otherwise present.  Here, Defendant Robberson was properly joined and served over thirty days prior to Defendant comma.ai's Notice of Removal.  Pursuant to 28 U.S.C. §1441(b)(2), the Notice of Removal is procedurally defective and remand to the Superior Court of Alameda County is required.

### b.   This Motion to Remand is Timely

28 U.S.C. §1447 requires that a Motion to Remand based on procedural defects be filed within thirty days of the filing of a Notice of Removal.  Defendant comma.ai's filed their Notice of Removal on April 16, 2026. (ECF 1).  This Motion to Remand is filed within thirty days of April 16, 2026 and is therefore timely under the rules.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT
**3:26-cv-3254-TSH**

### V.   In The Alternative, Snap Removal Violates the Purpose of the Forum Defendant Rule

Plaintiffs recognize that this District has found that pre-service removal ("snap removal") by a forum defendant does not run counter to the provisions of 28 U.S.C. §1441(b)(2).  However, the Ninth Circuit has not yet weighed in on whether snap removal violates the provisions of 28 U.S.C. §1441(b)(2). *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17 (9th Cir. 2024).  If given the opportunity, the Ninth Circuit would likely find snap removal does violate the purpose of 28 U.S.C. §1441(b)(2).

In addressing the purposes of removal and the forum defendant rule, this District has stated:

> It has often been remarked that Congress authorized removal to protect out-of-state defendants from having to defend in a plaintiff's (presumably sympathetic) local courts. E.g., Charles Alan Wright & Arthur R. Miller, 14B Fed'l Prac. & Proc. § 3721 (3d ed. 1998 & Supp.2011). Consistent with this principle, the forum defendant rule, codified at § 1441(b) (2), bars removal when a defendant who has been "properly joined and served" is a citizen of the state in whose court the action originated. This rule embodies the notion that a defendant cannot complain of being haled before the courts of his or her own state.

*Regional Stone Ltd.*, 881 F.Supp.2d at 1126.

Defendant comma.ai's, the removing party, is a citizen of California.  The State Court Lawsuit was filed in Defendant comma.ai's home state and the fear of an unsympathetic local court is not present.  Defendant comma.ai's snap removal of the State Court Lawsuit fails to satisfy the justification for removal and frustrates the purpose of the Forum Defendant Rule.  If given the opportunity, the Ninth Circuit would very likely determine that Defendant comma.ai's snap removal violated the provisions of 28 U.S.C.1441(b)(2) and order the case remanded to the Alameda County, California Superior Court.

### VI.   Conclusion

For the reasons set forth above, Defendant comma.ai's Notice of removal violated the Forum Defendant Rule codified at 28 U.S.C. §1441(b)(2).  Defendant Robberson was a California citizen

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT
**3:26-cv-3254-TSH**

and was properly joined and served prior to the filing of the Notice of Removal.  Therefore, 28 U.S.C. §1441(b)(2) and §1447 require that this matter be remanded to the Superior Court for the County of Alameda, California.

WHEREFORE, Plaintiffs' respectfully request the Court enter an Order remanding this matter to the Superior Court for the County of Alameda, California and order such other relief as is just and proper under the circumstances.

Date: April 27, 2026                    /s/ Kirk R. Presley
                                        Presley & Presley, LLC
                                        Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT
**3:26-cv-3254-TSH**

# CERTIFICATE OF SERVICE

1. **Case Name:** *Kevin McGinnis et al. v. Allen G. Robberson, Jr. et al.*

2. **Case Number:** 3:26-cv-03254-TSH

3. **Documents Served:** PLAINTIFFS' CERTIFICATION OF CONFLICTS, PLAINTIFFS'
   INTERESTED ENTITIES AND PERSONS, AND CITIZENSHIP; PLAINTIFFS'
   DESIGNATION OF MAGISTRATE; PLAINTIFFS' NOTICE OF MOTION AND MOTION TO
   REMAND & AFFIRM; and REQUEST FOR REMOTE HEARING

4. **Method of Service:** Placed in US Mail & via electronic mail to defendants COMMA.AI, INC.,
   and ALLEN G. ROBBERSON, JR.; and US Mail & via electronic mail for defendant
   AMERICAN HONDA MOTOR CO., INC. and HONDA MOTOR CO., LTD.

5. **Person(s) Served:**

*Attorneys for Defendant comma.ai, Inc.*
Bryan L. P. Saalfeld
bsaalfeld@mpbf.com
Gerald C. Kipper
gkipper@mpbf.com
**MURPHY, PEARSON, BRADLEY &
FEENEY**
550 California Street, Suite 1400
San Francisco, CA 94104
T: (415) 788-1900
F: (415) 393-8087

*Attorneys for Defendant Allen Robberson, Jr.*
Priya Navaratnasingham
pnavaratnasingham@psalaw.net
Huahong Zhang
mzhang@psalaw.net
**PHILLIPS SPALLAS & ANGSTADT LLP**
560 Mission Street, Suite 1010
San Francisco, CA 94105
T: 415-278-9400
F: 415-278-9411

**HONDA MOTOR CO., LTD**
TORANOMON ALCEA TOWER
2-2-3 Toranomon, Minato-ku,
Tokyo 105-8404, Japan; and
**SWANSON, MARTIN & BELL, LLP**
Kristen Cooke
KCooke@smbtrials.com
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
(312) 321-9100 - main
(312) 321-0990 – fax

*Attorneys for Defendant American Honda
Motor, Co., Inc.*
Via Registered Agent: CSC – Lawyers
Incorporating Service
2710 Gateway Oaks Drive, Suite 150N,
Sacramento, CA 95833; and
**SWANSON, MARTIN & BELL, LLP**
Kristen Cooke
KCooke@smbtrials.com
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
(312) 321-9100 - main
(312) 321-0990 – fax

6.  **Date of Service:** April 27, 2026

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Base on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address kirk@presleyandpresley.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

7.  **Person Who Served Documents:**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: */s/ Kirk R. Presley*

Name: Kirk R. Presley

Address: 4801 Main Street, Suite 375, Kansas City, MO 64112

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT
**Case No.: 3:26-cv-3254**