**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCGINNIS, and PAMELA MCGINNIS,<br><br>               Plaintiffs,<br><br>    vs.<br><br>ALLEN G. ROBBERSON, JR., HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR CO., INC., and COMMA.AI, INC.,<br>               Defendants. | CASE NO:  3:26-cv-3254-TSH<br><br>**[PROPOSED] ORDER**<br><br>Date: May 21, 2026<br>Time: 10:00 a.m.<br><br>Hon. Thomas Hixston<br>Courtroom: Courtroom E-15th Floor<br><br><br>Date Removed: April 16, 2026<br>Complaint Filed: March 4, 2026<br>Trial Date: None Set |

- 1 -
ORDER ON PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND
**3:26-cv-3254-TSH**

**ORDER**

Plaintiffs Kevin McGinnis and Pamela McGinnis move for an order remanding this action to the Alameda County Superior Court, Case No. 26CV174249. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court GRANTS Plaintiffs' motion for the following reasons.

**BACKGROUND**

**I.    FACTUAL BACKGROUND**

On September 22, 2025, Plaintiff Kevin McGinnis was severely injured in a motor vehicle collision in DeKalb County, Missouri. (Doc. 1-1, ¶1).  Defendant Robberson was the driver of the Honda Accord that struck Plaintiff Kevin McGinnis' vehicle. (Doc. 1-1, ¶¶4-8).  Prior to the collision, Defendant Robberson had installed an after-market advanced autonomous driver assistance system manufactured by Defendant comma.ai in the Honda Accord. (ECF 1-2 at ¶8).

Plaintiffs Kevin McGinnis and Pamela McGinnis are citizens of Missouri. (ECF 1 at ¶¶8-9). Defendant Robberson is a citizen of the State of California. (*Id.* at ¶10).  Defendant comma.ai, Inc. ("comma.ai") is considered a citizen of the states of Delaware and California. (*Id.* at ¶13). Defendant Honda Motor Co., Ltd. is a foreign corporation with its principal place of business in Japan. (*Id.* at ¶11). Defendant Honda Motor Co., Inc. is considered a citizen of the California. (*Id.* at ¶12).

On March 4, 2026, Plaintiffs filed a Complaint in the Superior Court for Alameda County, California concerning the injuries Plaintiffs sustained the September 22, 2025 wreck.  (ECF 1-1 at pgs. 1-5).  The lawsuit was assigned case number 26CV174249 by the Superior Court for Alameda County ("State Court Lawsuit"). (*Id.*). Initially, Defendant Robberson was the sole defendant named in the State Court Lawsuit.

Defendant Robberson was served with the initial Complaint in the State Court Lawsuit on March 12, 2026 and Plaintiffs filed a proof of service with the Superior Court on March 16, 2026. (ECF 1-1, pg. 11-12).  On April 14, 2026, Plaintiffs filed an Amended Complaint in the State Court Lawsuit. (ECF 1-1, pgs. 24-37).  The First Amended Complaint added Defendant comma.ai and the

Honda Defendants as Defendants under theories of strict products liability and negligence for their role in causing the September 22, 2025 motor vehicle collision. (*Id.*).

## II.    PROCEDURAL HISTORY

On April 16, 2026, Defendant comma.ai filed a Notice of Removal in this Court pursuant to 28 U.S.C. §1441. (ECF 1).  At the time of removal, Defendant comma.ai, Inc. and the Honda Defendants had not been served with any pleading in the State Court Lawsuit. (ECF 1 at ¶¶5-6).

The sole basis for Defendant comma.ai's removal of this action was diversity of citizenship jurisdiction under 28 U.S.C. §1332(a). Plaintiffs filed a motion to remand and argues that Defendant comma.ai violated 28 U.S.C. §1441(b) when attempting to remove the State Court Lawsuit to this Court.  Specifically, Plaintiffs have set out that the Notice of Removal is procedurally defective as Defendant Robberson is a citizen of California and was properly joined and served prior to April 16, 2026. Plaintiffs' arguments are well taken and the motion to remand will be granted.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. A defendant may remove an action to federal court if the diversity and amount in controversy requirements are satisfied. 28 U.S.C. § 1441(a), (b).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction

ORDER ON PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND
**3:26-cv-3254-TSH**

"must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**IV.    DISCUSSION**

The dispositive issue here is whether the forum defendant rule requires remand. 28 U.S.C. § 1441(b)(2), often referred to as the "forum defendant rule," limits a defendant's ability to remove a case by providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Ninth Circuit has held that this rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006). The rationale of the forum defendant rule is that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court" and that "[t]he need for such protection is absent ... in cases where the defendant is a citizen of the state in which the case is brought." *Id.* at 940.

Here, Defendant comma.ai states in its Notice of Removal that, "The Northern District has subject matter jurisdiction over this case because it is a civil action between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." ECF 1 at ¶¶ 4, 14.  Plaintiffs do not dispute that Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

Even though the State Court Lawsuit could have originally been filed in this Court, this does not make Defendant comma.ai's removal of this action proper.  It is undisputed that Defendant Robberson is a citizen California and no party has disputed that he was properly joined in the State Court Lawsuit.  It is also undisputed that Defendant Robberson was served on March 12, 2026 with

the initial Complaint in the State Court Lawsuit. ECF 1-1 at pgs. 11-12.  It is therefore unquestioned that Defendant Robberson was properly joined as a Defendant and served with the State Court Lawsuit prior to Defendant comma.ai filing the Notice of Removal on April 16, 2016.  Thus 28 U.S.C. §1441(b)(2) prohibited the removal of the State Court Lawsuit to federal court.

Defendant comma.ai references in its Notice of Removal that Defendant Robberson had not yet been served with the April 14, 2026 Amended Complaint in the State Court Lawsuit.  This is immaterial to the application of 28 U.S.C. §1441(b)(2) on the appropriateness of Defendant comma.ai's Notice of Removal.  There is no language within 28 U.S.C. §1441(b)(2) that required Defendant Robberson be served with an Amended Complaint.  The statute only required that Defendant Robberson be "properly joined and served."  Defendant Robberson was properly joined and served over a month prior and the plain language of 28 U.S.C. §1441(b)(2) prohibited removal of the State Court Action.

Finally, there is no dispute that Plaintiffs' motion to remand was filed within thirty days of Defendant comma.ai's Notice of Removal as required by 28 U.S.C. §1447(c).  As Plaintiffs' Motion for Remand was timely filed and the Forum Defendant Rule prohibited removal to this Court, Plaintiffs' motion for remand will be granted.

## V.   CONCLUSION

For the reasons given above, the Court GRANTS Plaintiffs' motion to remand.  The Clerk of Court shall remand this case to the Superior Court of Alameda County, California.

IT IS SO ORDERED.

DATED: _____          _____
                                 Honorable Thomas Hixson
                                 Magistrate Judge of the District Court

ORDER ON PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND
**3:26-cv-3254-TSH**