Bryan L. P. Saalfeld (SBN 243331)
    bsaalfeld@mpbf.com
Gerald C. Kipper (SBN 323709)
    gkipper@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 California Street, Suite 1400
San Francisco, CA  94104
T: (415) 788-1900
F: (415) 393-8087

Attorneys for Defendant
COMMA.AI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN MCGINNIS, and PAMELA MCGINNIS, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEN G. ROBBERSON, JR., HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR CO., INC., and COMMA.AI, INC., <br><br> Defendants. | Case No.: 3:26-cv-03254-JD <br><br> **DEFENDANT COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date: June 11, 2026 <br> Hearing Time: 11:00 AM <br><br> Action Filed: March 4, 2026 <br> Date Removed: April 16, 2026 <br> Trial Date: TBD |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Comma.ai, Inc. opposes the Motion to Remand filed by Plaintiffs Kevin McGinnis and Pamela McGinnis, on the grounds that Plaintiffs' motion only raises a two issues in support of their motion. Both points are without merit.

The "forum defendant rule" embodied in 28 U.S.C. 1441(b)(2) does not prohibit removal here. The named California defendants, Comma.ai, Allen G. Robberson, Jr., and American Honda Motor Co., Inc., were never served with the pleading from which the basis first appears that this case is one that can be removed. And, to maintain consistency with the other procedural statutes for removal and

- 1 -

DEF. COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO         3:26-CV-03254-JD
REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

the long-established federal jurisprudence that amended pleadings supersede prior ones, it is *only* service of this amended pleading that matters for the purposes of whether § 1441(b)(2) would apply to prevent removal. These named California defendants, therefore, are not considered when assessing whether § 1441(b)(2) prohibits removal.

The other issue raised by Plaintiffs, that "snap removal" would defeat the purpose of the forum defendant rule, is a position that is generally rejected by the Northern District of California. This is largely because such a position requires rendering the phrase "properly joined and served" in § 1441(b)(2) as mere surplusage—a circumstance that courts must avoid when interpreting and applying the statutory language enacted by Congress.

As the two points raised in their motion are without merit, and as they do not take the position that diversity jurisdiction does not exist here, Plaintiffs' motion should be denied.

## II.   ISSUES TO BE DECIDED

1.   Whether the "forum defendant rule" as embodied in 28 U.S.C. 1441(b)(2) prohibits removal in this case?

2.   Whether "snap removal" is permitted under 28 U.S.C. 1441(b)(2)?

## III.   RELEVANT FACTS

For purposes of the instant motion, Comma.ai does not dispute the relevant facts as presented by Plaintiffs in their Memorandum of Points and Authorities in support of their motion. Comma.ai would add, however, that this is the *second* instance wherein Plaintiffs seek to defeat the proper removal of this case to this Court.

Plaintiffs first filed a lawsuit against *Comma.ai* and Mr. Robberson on January 23, 2026, in the Superior Court of California, County of Alameda (case no. 26CV166471). Comma.ai removed that case to the Northern District on February 13, 2026 (case no. 3:26-cv-01365), with Plaintiffs then dismissing their action, without prejudice, a few days later on February 16, 2026. See **Exhibit A** (Notice of Removal to Federal Court) and **Exhibit B** (Notice of Dismissal w/o Prejudice) attached to Request for Judicial Notice filed concurrently herewith.

Plaintiffs then filed the instant lawsuit back in the Superior Court of California, County of Alameda (case no. 26CV174249)—alleging the same set of facts but this time naming *only* Mr.

DEF. COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO       3:26-CV-03254-JD
REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

Robberson as a defendant—on March 4, 2026. Plaintiffs then amended their complaint on April 14, 2026, to add Comma.ai; Honda Motor Co. Ltd.; and American Honda Motor Co., Inc. as defendants. They also added claims for products liability, whereas before they only asserted the negligence claims against Mr. Robberson. As to Comma.ai, the "new" claims for products liability are essentially identical to those asserted in the January 23, 2026 lawsuit.

## IV.    LEGAL STANDARD ON MOTION TO REMAND

As in all federal cases, the foundational principle here is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, removal is appropriate only when a case presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy. 28 U.S.C. §§ 1331, 1332. There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). Any doubts about the propriety of removal should be resolved in favor of a remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).

The proponent of federal jurisdiction, typically the defendant, has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. When removal is based on diversity of citizenship, there must be complete diversity of citizenship and the amount in controversy requirement must be met. 28 U.S.C. § 1332.

## V.    LEGAL ARGUMENT

**A.    Forum defendants are only considered for purposes of § 1441(b)(2) when they have been "properly joined and served" with the pleading that forms the basis of removal, and therefore § 1441(b)(2) does not prohibit removal in this case where none of the California defendant has been "properly joined and served".**

**1.    The majority of Northern District decisions recognize that forum defendants may remove a matter to federal court when those forum defendants have not yet been "properly joined and served".**

There is a caveat to removal jurisdiction in diversity cases known as the "forum defendant

- 3 -

DEF. COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO      3:26-CV-03254-JD
REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

rule." The forum defendant rule, embodied in section 1441(b)(2) of Title 28 of the United States Code provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.

(Emphasis added.)

The practice of circumventing application of the forum-defendant rule by removing before defendants are served is sometimes referred to as "snap removal." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023) (Judge William Alsup). Snap removal may apply in a situation where a defendant "was able to remove ... and argue against application of the forum defendant rule because it managed to remove the case before [plaintiff] was able to serve it." See *Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 918 (N.D. Cal. 2022) (Judge Edward M. Chen).

Courts in the Northern District of California generally permit snap removals, largely relying on the plain language of § 1441(b)(2). See *Republic Western Insurance Co. v. International Insurance Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991); *City of Ann Arbor Employees' Retirement System v. Gecht*, No. C-06-7453EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012); *Loewen v. McDonnell*, No. 19-CV-00467-YGR, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019).

None of the cases cited by Plaintiffs' in their Memorandum of Points and Authorities in support of their motion hold that the forum defendant rule applies where a defendant has been served with a prior pleading but then a later pleading forms the basis of removal. For example, the Northern District Court in *Aetna*, *supra*, did not address the circumstance of an amended pleading. And the Northern District Court in *Regal Stone*, *supra* (erroneously referred to by Plaintiffs as "*Regional Stone*"), found that the forum defendant rule did not apply where the plaintiffs there had amended their complaint but did not serve the California defendant with that amended complaint and, on that basis, in part, denied the plaintiff's motion to remand. See *Regal Stone*, *supra*, 881 F. Supp. 2d at 1129 ("For the foregoing reasons, the Court DENIES the Motion to Remand brought by Plaintiffs Regal Stone Limited and Fleet

- 4 -

Management Ltd."").

**2. The California defendants have not been "properly joined and served" with the First Amended Complaint.**

Plaintiffs argue on page 6 of their Motion that 1446(b)(2) does not require that a forum defendant be reserved each time a pleading is amended. Plaintiffs' argument misses the point. The "properly joined and served" language of § 1441(b)(2) *must* refer to the pleading that forms the basis of the removal to keep § 1441(b)(2) consistent with the removal procedures in § 1446. See 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The assessment of whether removal is proper or not is based on the circumstances established by the pleading that the removal arises from. See *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("We have made clear that we will not 'charge defendants with notice of removability until [they have] received a paper that gives them enough information to remove.'"). To find that this is not the case would introduce the opportunity for inconsistent application of what should be standardized procedural requirements.

Furthermore, interpreting § 1441(b)(2) to mean that it applies where a forum defendant has been served with the initial pleading but has not yet been served with the amended pleading that forms the basis of removal would be inconsistent with long-established federal jurisprudence that an amended pleading supersedes the prior pleading. See *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35–36 (2025). As explained by the U.S. Supreme Court in *Royal Canin U.S.A.*, jurisdiction is materially affected by the amendment of a pleading:

> If a plaintiff amends her complaint, the new pleading "supersedes" the old one: The "original pleading no longer performs any function in the case." 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010). Or as we put the matter over a century ago: "When a petition is amended," the "cause proceeds on the amended petition." *Washer v. Bullitt County*, 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884). **So changes in parties, or changes in claims, effectively remake the suit.** And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either

DEF. COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES          3:26-CV-03254-JD

newly within or newly outside a federal court's jurisdiction.

*Id.* (emphasis added).

Here, Plaintiffs amended their complaint to add Comma.ai and the two Honda entities and to add products liability claims. Of the four defendants named in the First Amended Complaint, only three can be considered California residents. None have been served by Plaintiffs with the First Amended Complaint. Therefore, they are not "properly joined and served" defendants such that § 1441(b)(2) would prohibit the removal of this action. Plaintiffs' only substantive argument in favor of remand here is therefore without merit, and their motion should be denied accordingly.

Plaintiffs cannot avoid this conclusion as to Defendant Robberson by pointing to his receipt of service of the original complaint. California Code of Civil Procedure § 471.5 requires that when a plaintiff files an amended complaint, the plaintiff must serve that amended complaint on all defendants who were previously served with the original complaint. Here, Plaintiffs filed the First Amended Complaint but did not serve it on Mr. Robberson as required by CCP § 471.5. Accordingly, Mr. Robberson has not been "properly served" with the operative pleading by any measure—federal or state. Because the "properly joined and served" requirement of § 1441(b)(2) must be assessed against the pleading that forms the basis of removal, service of a superseded complaint does not satisfy that requirement as to the First Amended Complaint. Because "properly joined and served" must be evaluated at the moment of removal against the operative amended pleading, none of the California defendants—including Mr. Robberson—are considered for purposes of § 1441(b)(2).

**B.** **Snap removal does not violate the purpose of § 1441(b)(2) since the only purpose of § 1441(b)(2) is to have its provisions applied as written by Congress—otherwise the "properly joined and served" language is written out of the provisions as surplusage.**

As referred to above, courts in the Northern District of California generally permit snap removals based on the argument that courts cannot ignore the "and served" part of the "properly joined and served" provision in § 1441(b)(2). As concluded by the Northern District Court in *Regal Stone*, *supra*:

> The Court disagrees with Plaintiffs. **Their proposed reading would improperly discard pivotal parts of the statute as mere surplusage.** See *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 928–29 (9th Cir.2004). Section 1441 applies to forum defendants "properly joined and served," but Plaintiffs would disregard the words "and served."

DEF. COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES          3:26-CV-03254-JD

> Plaintiffs urge the Court to follow out-of-district cases that have adopted just this reading. However, the Northern District has consistently followed the alternate view, which gives effect to those words. The Court is not persuaded that it would be appropriate to depart from that position now and thereby disrupt the settled expectations of litigants in this district.

*Regal Stone*, *supra*, 881 F. Supp. 2d at 1128 (emphasis added)(footnote omitted).

Concluding that § 1441(b)(2) applies even when the forum defendant has not been properly served would improperly write out language in that section. Plaintiffs' argument here, therefore, is not supported by a plain reading of the statute or by the jurisprudence of this district, and so cannot serve as a proper basis to remand this action.

**C.    Removal based on diversity jurisdiction is proper here.**

As addressed by the Notice of Removal, there is complete diversity between Plaintiffs and Defendants. The amount in controversy requirement has also been met by the circumstances of this case wherein Plaintiffs allege to have experienced severe physical injuries from the alleged vehicle collision. Plaintiffs do not argue to the contrary in their motion.

**VI.    CONCLUSION**

For the reasons stated above, Defendant Comma.ai, Inc. respectfully asks that the Court deny Plaintiffs' Motion to Remand.

DATED:  May 11, 2026                    MURPHY, PEARSON, BRADLEY & FEENEY

By _____*/s/ Bryan L. P. Saalfeld*_____
          Bryan L. P. Saalfeld
          Gerald C. Kipper
          Attorneys for Defendant COMMA.AI, INC.

DEF. COMMA.AI, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES                    3:26-CV-03254-JD