Bryan L. P. Saalfeld (SBN 243331)
  bsaalfeld@mpbf.com
Gerald C. Kipper (SBN 323709)
  gkipper@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 California Street, Suite 1400
San Francisco, CA  94104
T: (415) 788-1900
F: (415) 393-8087

Attorneys for Defendant
COMMA.AI, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN MCGINNIS, and PAMELA MCGINNIS,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEN G. ROBBERSON, JR., HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR CO., INC., and COMMA.AI, INC.,<br><br>Defendants. | Case No.: 3:26-cv-03254-JD<br><br>**DECLARATION OF BRYAN SAALFELD IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Hearing Date:    June 11, 2026<br>Hearing Time:   11:00 AM<br><br>Action Filed:     March 4, 2026<br>Date Removed:  April 16, 2026<br>Trial Date:        TBD |

I, Bryan L. P. Saalfeld, declare as follows:

1.    I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.    I am an attorney duly licensed to practice in all courts of the State of California and the Northern District of California, and am a Partner with the law firm of Murphy, Pearson, Bradley & Feeney, attorneys of record for Defendant Comma.ai, Inc.

3.    Attached hereto as **Exhibit A** is a true and correct copy of the Notice of Removal filed by Comma.ai in the civil lawsuit previously filed by Plaintiffs regarding the same vehicle collision, dated 2/13/26, with Case No. 3:26-cv-01365, and noting removal of that previous state court action

with Case No. 26-cv-166471, as retrieved from PACER.

4.    Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Dismissal w/o Prejudice filed by Plaintiffs in the prior civil lawsuit that was removed to the Northern District, dated 2/16/26, as retrieved from PACER.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 11, 2026, in San Francisco, CA.

_____

Bryan L. P. Saalfeld

- 2 -

# EXHIBIT A

JEFFREY N. BROWN (SBN 105520)
jbrown@thompsoncoburn.com
THOMPSON COBURN LLP
10100 Santa Monica Boulevard, Suite 500
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Defendant Comma.ai, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCGINNIS, by and through his duly appointed guardian & conservator, PAMELA MCGINNIS; and PAMELA MCGINNIS, individually,<br><br>                Plaintiffs,<br><br>        v.<br><br>COMMA.AI, INC., a Delaware corporation; and ALLEN G. ROBBERSON, an individual,<br><br>                Defendants. | CASE NO. 3:26-cv-1365<br><br>**DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Removed from Superior Court of California, County of Alameda, Case No. 26-cv-166471 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

200762070

DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**PLEASE TAKE NOTICE** that Defendant Comma.ai, Inc. ("comma.ai"), through the undersigned counsel, under 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the state court action captioned *Kevin McGinnis, et al. v. comma.ai, Inc., et al.*, No. 26-cv-166471, from the Superior Court of the State of California, County of Alameda, where it is currently pending, to the United States District Court for the Northern District of California. This matter is removable because the parties are completely diverse and the amount in controversy exceeds the sum of $75,000, excluding interest and costs. In accordance with 28 U.S.C. § 1446(a), comma.ai provides the following statement of grounds for removal.

1. On January 23, 2026, Plaintiffs Kevin McGinnis and Pamela McGinnis commenced an action in the Superior Court of the State of California, County of Alameda, titled *Kevin McGinnis, et al. v. comma.ai, Inc., et al.*, No. 26-cv-166471 (the "State Court Action"). Although not yet served, comma.ai has attached copies of the docket and all process, pleadings, and orders currently available in the State Court Action as Exhibit A.

2. Plaintiffs assert negligence and strict liability claims and seek damages for injuries arising from a vehicular accident that occurred in DeKalb County, Missouri, involving a vehicle allegedly equipped with comma.ai's openpilot, an open-source, advanced driver assistance system.[1] *See* Ex. A, Compl. at 1–3, ¶¶ 1–11. In addition to naming comma.ai as a defendant, Plaintiffs also name Allen G. Robberson, the individual who negligently operated the other vehicle at the time of the accident, as a defendant. *Id.* at 1.

3. Removal of this action is proper under 28 U.S.C. § 1441. The Court has subject matter jurisdiction over this case because it is a civil action "between citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

4. Comma.ai has not received service of a summons and Complaint in the State Court Action and is not aware that service has been effectuated on any party named in the State Court Action. As of the filing of this notice, no proof of service for any defendant has been filed on the

---

[1] Comma.ai does not concede (and specifically denies) that openpilot is a product that can serve as the basis for liability under the negligence or strict liability theories alleged.

2

DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

state court docket.  *See* Ex. A.  The Notice of Removal and other contemporaneous filings are comma.ai's first filings in this action.

5.     No California citizen has been properly "joined *and* served" in this action according to the docket in the State Court Action.  Because no defendant has been "properly joined *and* served," the forum defendant rule does not preclude removal.  28 U.S.C. § 1441(b)(2) (emphasis added); *see Humana Inc. v. Handa Pharms., LLC*, 2023 WL 5227191, at *3 (N.D. Cal. Aug. 15, 2023) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." (internal quotations omitted)) (collecting cases); *Stone v. Omnicell, Inc.*, 2026 WL 266243, at *7 (N.D. Cal. Feb. 2, 2026) (slip op.) (same).

**I.     This case meets the complete diversity of citizenship requirement.**

6.     Plaintiff Kevin McGinnis is a citizen of the State of Missouri.  *See* Compl. at 1, ¶ 1.

7.     Plaintiff Pamela McGinnis is a citizen of the State of Missouri.  *See* Compl. at 2, ¶ 2.

8.     Defendant comma.ai, Inc. is a Delaware corporation with its principal place of business in the State of California.  *See* comma.ai Rule 7.1 Certificate of Interested Parties.

9.     Defendant Allen G. Robberson is a citizen of the State of California.  *See* Compl. at 2, ¶ 4.

10.    No Plaintiff is a citizen of the same state as any Defendant.  Accordingly, complete diversity exists among the parties.  *See* 28 U.S.C. § 1332(a).

**II.    This case meets the amount in controversy requirement.**

11.    Plaintiffs do not plead a specific amount of damages.  "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

12.    Comma.ai estimates that Plaintiffs' claims exceed $75,000.  Plaintiffs allege that Kevin McGinnis was "*severely* injured in a motor vehicle crash[,]" currently suffers "*severe*, *permanent*, and *progressively worsening* injuries[,]" and sustained "severe orthopedic injuries and internal injuries requiring surgical repair" and "significant injuries to [Plaintiff's] brain[.]"  *See*

Compl. at 1–4, ¶¶ 1, 11, 18 (emphasis added).  Plaintiffs also allege future medical expenses, lost wages, and future economic benefits.  *Id*. at 4, ¶ 19.

13.     These alleged injuries plainly exceed $75,000.  Because comma.ai plausibly alleges that the amount in controversy exceeds $75,000, the amount in controversy requirement is satisfied.  28 U.S.C. § 1332(a); *see Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**III.     Defendant comma.ai has satisfied all procedural requirements for removal.**

14.     Comma.ai has removed this action "to the district court of the United States for the district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

15.     Comma.ai has attached "a copy of all process, pleadings, and orders" in the State Court Action.  28 U.S.C. § 1446(a).

16.     Comma.ai has timely filed its Notice of Removal.  *See* 28 U.S.C. § 1446(b)(1).  As explained above, comma.ai is not aware that service has been effectuated on any defendant named in Plaintiffs' complaint.  As of the date of this notice, no proof of service for any defendant appears on the state court docket.

17.     Comma.ai will promptly provide written notice to Plaintiffs upon filing the Notice of Removal (the "Notice to Plaintiff"), and will promptly file a copy of the Notice to Plaintiff with the Clerk of Court for the Superior Court of the State of California, County of Alameda (the "Notice to State Court").  *See* 28 U.S.C. 1446(d).

18.     Accordingly, comma.ai has met all procedural requirements for removal.

19.     Comma.ai removes this action without waiving its right to assert any affirmative statutory defenses, common law defenses, or motion to dismiss available under applicable state or federal law.

20.     Comma.ai requests a trial by jury on all counts in Plaintiffs' complaint.  *See* 28 U.S.C. § 1446.

4

WHEREFORE, this action is hereby removed to the United States District Court for the Northern District of California.

DATED: February 13, 2026   **THOMPSON COBURN LLP**

By: */s/ Jeffrey N. Brown*
   **JEFFREY N. BROWN**
   Attorneys for Defendant, Comma.ai, Inc.

5

DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Suite 500, Los Angeles, California 90067.

On February 13, 2026, I served true copies of the following document(s) described as **DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

Kirk R. Presley                                   Attorneys for Plaintiffs
Presley & Presley, LLC
4801 Main St., Ste. 375
Kansas City, MO 64112
(816) 931-4611
kirk@presleyandpresley.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address cmamayson@thompsoncoburn.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 13, 2026, at Los Angeles, California.

*/s/ Catherine C. Mamayson*
Catherine C. Mamayson

200762070

PROOF OF SERVICE



# Superior Court of Alameda County Public Portal

**26CV166471** MCGINNIS, et al. vs COMMA.AI, INC., et al.

**Civil Unlimited** (Motor Vehicle - Personal Inju...)

Rene C. Davidson Courthouse / DEPT 21 - HON. S. Raj Chatterjee

Filed: 01/23/2026

Next Hearing: 03/05/2026 Complex Determination Hearing

Document Download

## Case Summary

Register of Actions    Participants    Future Hearings

**EXHIBIT A**

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 01/23/2026 | Complaint<br>Filed by: Kevin McGinnis (Plaintiff); Pamela McGinnis (Plaintiff)<br>As to: comma.ai, Inc. (Defendant); Allen G. Robberson, Jr. (Defendant) | Document | ⬇ |
| 01/23/2026 | Notice of Case Management Conference<br>Filed by: Clerk | Document | ⬇ |
| 01/23/2026 | The case is placed in special status of: Provisionally Complex – Case Type | Case | |
| 01/27/2026 | Initial Case Management Conference scheduled for 06/15/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 01/27/2026 | Complex Determination Hearing scheduled for 03/05/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 01/27/2026 | Case assigned to Hon. S. Raj Chatterjee in Department 21 Rene C. Davidson Courthouse | Assignment | |
| 02/09/2026 | Application for Appointment of Guardian Ad Litem - Civil and Family Law (CIV-010/FL-935)<br>Filed by: Pamela McGinnis (Plaintiff)<br>As to: Kevin McGinnis (Plaintiff) | Document | ⬇ |
| 02/09/2026 | Updated -- Application for Appointment of Guardian Ad Litem - Civil and Family Law (CIV-010/FL-935):<br>Result: Denied<br>Result Date: 02/09/2026 | Document | ⬇ |
| 02/09/2026 | Address for Kirk R. Presley (Attorney) updated | Party | |
| 02/09/2026 | General Order (Order Denying Without Prejudice Application for Appointment o...)<br>Entered by: Court | Document | ⬇ |

Terms of Service

Contact Us
About this Site

Copyright © Journal Technologies, USA. All rights reserved.



# Superior Court of Alameda County Public Portal

**26CV166471** MCGINNIS, et al. vs COMMA.AI, INC., et al.

**Civil Unlimited** (Motor Vehicle - Personal Inju...)

Filed: 01/23/2026

Rene C. Davidson Courthouse / DEPT 21 - HON. S. Raj Chatterjee

Next Hearing: 03/05/2026 Complex Determination Hearing

Document Download

## Case Summary

Register of Actions    Participants    Future Hearings

| NAME | ROLE |
| --- | --- |
| Allen G. Robberson, Jr. | Defendant |
| Kevin McGinnis | Plaintiff |
| Kirk R. Presley | Attorney |
| Pamela McGinnis | Plaintiff |
| comma.ai, Inc. | Defendant |

Terms of Service

Contact Us
About this Site



# Superior Court of Alameda County Public Portal

---

**26CV166471** MCGINNIS, et al. vs COMMA.AI, INC., et al.

**Civil Unlimited** (Motor Vehicle - Personal Inju...)

Filed: 01/23/2026

Rene C. Davidson Courthouse / DEPT 21 - HON. S. Raj Chatterjee

Next Hearing: 03/05/2026 Complex Determination Hearing

Document Download

## Case Summary

| Register of Actions | Participants | **Future Hearings** |

| Date | Description | Dept |
| --- | --- | --- |
| 03/05/2026 02:30 PM | Complex Determination Hearing | RCD / Department 21 |
| 06/15/2026 02:30 PM | Initial Case Management Conference | RCD / Department 21 |

---

Terms of Service

Contact Us
About this Site

**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
01/23/2026 at 08:22:36 AM
By: Andrei Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

KEVIN MCGINNIS,
By and through his
Duly appointed Guardian
& Conservator, PAMELA
MCGINNIS, and
PAMELA MCGINNIS, Individually,
            Plaintiff,

        vs.

comma.ai, Inc. a
Delaware corporation; and
ALLEN G. ROBBERSON,
an Individual,
            Defendant.

CASE NO:  26CV166471

**COMPLAINT FOR DAMAGES FOR:**

**1. Motor Vehicle Negligence**
**2. Negligent Product Liability**
**3. Strict Product Liability**
**4. Loss of Consortium**

COMES NOW Plaintiffs, Kevin McGinnis, by and through his duly appointed Guardian and Conservator Pamela McGinnis, and Pamela McGinnis in her Individual capacity and for causes of action against defendants, allege as follows:

### COMMON ALLEGATIONS FOR ALL CAUSES OF ACTION

1.      At all relevant times Kevin McGinnis was an individual citizen and reside of Country Club, Andrew County, Missouri.  KEVIN was severely injured in a motor vehicle crash on September 22, 2025, which gives rise to these causes of action. His lawful wife, Pamela McGinnis was appointed by Emergency Guardian ad Litem and Conservator ad Litem by order of the Circuit Court of Buchannan County, Missouri, Probate Division. (Exhibit "A" attached and incorporated

1
COMPLAINT FOR DAMAGES

herein).

2.      At all relevant times Pamela McGinnis was and is an individual citizen and resident of Country Club, Andrew County, Missouri, and the lawful wife of Kevin McGinnis.

3.      comma.ai, Inc. is a Delaware corporation with its principal place of business in San Diego, San Diego County, California. Harald Schaefer is its duly appointed Registered Agent for the receipt of service of process.

4.      Allen G. Robberson is an individual citizen and resident of Oakland, Alameda County, California.

5.      On September 22, 2025, Defendant ROBBERSON was the registered owner and operator of a 2020 Honda Accord Touring Hybrid, (hereafter "the ACCORD") California License Plate number 8SFX724, Vehicle Identification No.: 1HGCV3F94LA008706, and every component part there of including an after-market advanced driver assistance system known as openpilot, manufactured, produced and sold by comma.ai, Inc. specifically for use in conjunction with the ACCORD.

6.      On September 22, 2025, ROBBERSON did so negligently and carelessly operate the ACCORD by setting the cruise control on 80 mph and falling asleep, relying on the autonomous features of the ACCORD and openpilot system to avoid a collision.

7.      As ROBBERSON approached the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri, travelling westbound on Highway 36, he was asleep while at the wheel of the ACCORD.

8.      Plaintiff KEVIN, was operating a 2013 Chevrolet Cruze and was the last car in a line of four vehicles, stopped facing westbound on Highway 36 at a red-light traffic signal governing westbound traffic at the intersection of Highway 36 and Bob F. Griffin Road in Cameron, DeKalb County, Missouri.

9.      Defendant ROBBERSON operated the ACCORD in a negligent fashion by setting the adaptive cruise control on the ACCORD to 80 mph and failed to slow, brake or stop the ACCORD striking the rear of KEVIN's Chevrolet Cruze at 80 mph and violently forcing the Cruze into the

2
COMPLAINT FOR DAMAGES

vehicle stopped ahead of him.

10. The openpilot autonomous driving system manufactured by comma.ai, Inc. failed to detect a speed limit change to 45 mph leading up to the intersection, failed to implement the adaptive cruise control to slow or stop the ACCORD and failed to engage the autonomous emergency braking on the ACCORD directly contributing to cause the collision and injuries to KEVIN.

11. The negligence of Defendant ROBBERSON and the negligence and product liability of Defendant comma.ai, Inc. combined and directly contributed to cause the collision with KEVIN's vehicle and directly caused severe, permanent, and progressively worsening injuries.

## FIRST CAUSE OF ACTION

(Motor Vehicle Negligence against Defendants comma.ai, Inc. and ROBBERSON)

12. Plaintiffs incorporate, repeats and re-alleges each allegation in paragraphs 1-10 as though fully set forth herein.

13. ROBBERSON was operating his ACCORD on a public highway in the State of Missouri and as such owed a duty to follow motorists, including KEVIN, to do so with the highest degree of care.

14. ROBBERSON owed a duty to operate his ACCORD as would a very careful person under the same or similar circumstances.

15. ROBBERSON violated said duty and was careless and negligent in the following respects:

    a. operating his ACCORD at 80 mph in a 45-mph zone;

    b. operating his ACCORD while asleep at the wheel and thereby failing to keep a careful lookout for vehicles stopped at the traffic signal;

    c. following too closely to vehicles which came to a stop at the traffic signal causing the ACCORD to strike the rear of KEVIN's vehicle;

    d. failing to slow, brake, reduce speed and stop to avoid coming into a collision with the rear of KEVIN's vehicle which was lawfully stopped at the intersection;

COMPLAINT FOR DAMAGES

e. negligently and carelessly relying on the comma.ai, Inc. openpilot system to control the ACCORD and avoid collisions; and

f. such further conduct as may be revealed in the course of discovery.

16. Defendant comma.ai, Inc. owed a duty to users of its openpilot autonomous driving system and to fellow motorists sharing the road with those users, to use ordinary care in the creation, manufacture, marketing, and sale of the openpilot system to users like ROBBERSON.

17. Defendant comma.ai, Inc. breached said duty and failed to utilize ordinary care by negligently and carelessly:

a. encouraging its users to rely completely on openpilot as an autonomous operating system (see Exhibit "B" attached and incorporated herein);

b. failing to equip its openpilot system to physically alert drivers who fall asleep and are not monitoring vehicle operations;

c. failing to coordinate with and disabling the collision avoidance technology systems originally a part of the ACCORD; and

d. such further conduct as may be revealed in the course of discovery.

18. The negligent conduct of both ROBBERSON and comma.ai, Inc. directly caused or contributed to cause the rear-end collision with KEVIN's vehicle that resulted in KEVIN sustaining severe, permanent and progressively worsening injuries including severe orthopaedic injuries and internal injuries requiring surgical repair, significant injuries to KEVIN's brain, causing neurological damage all requiring ongoing physical, occupational, speech and cognitive therapy to this day.

19. As a direct and proximate result of the combined negligence of Defendants as aforesaid, KEVIN has incurred medical expenses and will incur additional expenses in the future; KEVIN has sustained lost income from his employment and is disabled such that he will sustain additional lost wages and lost economic benefits in the future.

**SECOND CAUSE OF ACTION**

(Negligent Product Liability against Defendant comma.ai., Inc.)

20.     Plaintiffs incorporate, repeats and re-alleges each allegation in paragraphs 1-10 and 15-19 above and incorporates the same by reference as though fully set forth herein.

21.     At all times mentioned herein, defendant comma.ai, Inc. had a duty to use reasonable care in the design, testing, manufacture, marketing, labeling, instructions, advertising, promotion, sale and supply of the openpilot autonomous driving system purchased by ROBBERSON and utilized on the ACCORD on the day of the crash.

22.     comma.ai, Inc. did so negligently and carelessly design, test, manufacture, market, label, instruct, advertise, promote, sell and supply the openpilot autonomous vehicle operating system such that the device when used on the ACCORD was defective and unreasonably dangerous and unsafe when put to its respective use and purpose for which it was intended or for reasonably foreseeable misuse by members of the driving public including ROBBERSON.

23.     In particular, the openpiolot autonomous system, used on the ACCORD was unreasonably dangerous and defective by failing to reduce speed or brake to lessen the impact or avoid a rear-end collision with the McGinnis' vehicle.

24.     As a direct and proximate result of comma.ai, Inc.'s negligence and carelessness as aforesaid, KEVIN was injured and damaged as set forth above.

**THIRD CAUSE OF ACTION**

(Strict Product Liability against Defendant comma.ai, Inc.)

25.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 as though fully set forth herein.

26.     Plaintiffs are informed and believe, and thereon allege, that the openpilot autonomous

driving system and its component parts, when placed into the stream of commerce by comma.ai, Inc. and used on the ACCORD, contained one or more defects in design, manufacturing, and/or lacked adequate warnings and instructions, rendering the product unreasonably dangerous for its intended and foreseeable uses, including integration with vehicles such as the ACCORD.

27. The defective and unreasonably dangerous condition of the openpilot system was a substantial factor in causing the subject rear-end collision and Plaintiffs' injuries and damages, including KEVIN's severe, permanent, and progressively worsening injuries and PAMELA's derivative harms, as alleged herein.

## FOURTH CAUSE OF ACTION
(Loss of Consortium by Plaintiff Pamela McGinnis)

28. Plaintiff PAMELA reallege and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. As a direct and proximate result of the collision and resulting injuries to KEVIN, Plaintiff PAMELA has suffered and continues to suffer loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the enjoyment of conjugal relations with her husband, and has sustained consequential economic losses, all in an amount according to proof at trial.

30. As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff PAMELA seeks recovery of general damages for pain, suffering, disability, disfigurement, emotional distress, and loss of enjoyment of life; special damages including past and future medical and related expenses; past and future loss of earnings and earning capacity; costs of life care and household services; and all other economic and non-economic damages permitted by law, in amounts to be proven at trial.

31. Plaintiffs further seek prejudgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

    a.    For general damages in an amount according to proof at trial;

    b.    For special damages, including past and future medical expenses, lost wages, lost earning capacity, and other economic losses, in an amount according to proof at trial;

    c.    For damages for loss of consortium in favor of Plaintiff Pamela McGinnis, in an amount according to proof at trial;

    d.    For prejudgment and post-judgment interest as permitted by law;

    e.    For costs of suit incurred herein; and

    f.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Date: January 23, 2026

KIRK R. PRESLEY
Attorneys for Plaintiffs

7
COMPLAINT FOR DAMAGES

PLAINTIFF'S
EXHIBIT

**A**

**FILED**

01/06/2026

Ashley Thrasher
CLERK, CIRCUIT COURT
Buchanan County COUNTY

# IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
## PROBATE DIVISION

IN RE:                                     )
                                           )
**KEVIN MCGINNIS,**                        )          Case No. 25BU-PR00273
                                           )
                    Respondent.            )

## <u>ORDER EXTENDING EMERGENCY GUARDIANSHIP AND CONSERVATORSHIP</u>

**NOW ON THIS DATE**, the Court takes up the Application for Appointment of Emergency Guardian and Conservator filed by Petitioner, Pamela McGinnis, and finds as follows:

1. Respondent has been given proper notice of this hearing.

2. Counsel has been appointed for Respondent.

3. Respondent has an Emergency Guardian and Conservator appointed on October 7, 2025.

4. Irreparable damage will occur to Respondent's property because of Respondent's failure or inability to provide for his essential human needs or to protect his property.

5. Petitioner remains a suitable and proper person to serve as Emergency Guardian and Conservator.

**IT IS THEREFORE ORDERED** that Petitioner, Pamela McGinnis, shall continue as Emergency Guardian and Conservator for Respondent, Kevin McGinnis, for another period of 88 days. This order shall expire on **Friday, April 3, 2026,** unless otherwise extended by the Court.

COURT SEAL OF

_January 6, 2026_
_____                    _____
Date                                        David L. Bolander, Circuit Judge

                                            Buchanan County COUNTY

PLAINTIFF'S EXHIBIT

B

# The Absent Co-Driver

## Evaluating rear-end collision trucking cases for failure to equip collision avoidance technology claims

### By BRITTANY BRIGGS ESSMA & JUSTIN R. WATKINS

A reasonably safe manufacturer of semi-trucks would equip all new semi-trucks standard with systems that assist the truck driver in avoiding preventable collisions but for more than a decade, semi-truck manufacturers have largely chosen not to do so in the United States, leaving our roads remarkably less safe than available technology should permit.

The excuses given for this decision include variations of a claimed desire to provide consumer truck drivers or companies the "choice" of whether to equip their trucks with systems such as forward collision warning (FCW) and automatic emergency braking (AEB) systems (collectively, "collision avoidance technology" or "CAT"). Of course, no choice is given to occupants of passenger vehicles rear ended by semi-trucks not equipped with these systems that can and do prevent rear end collisions, and the excuse falls flat in the face of regulations in effect since 2015 requiring the systems on semi-trucks in Europe.[1]

This failure by semi-truck manufacturers to equip semi-trucks with FCW and AEB as standard is becoming increasing indefensible, especially in the face of regulations that will require, beginning in September 2029, all passenger vehicles and light trucks sold in the U.S. to be equipped with FCW and AEB, including pedestrian AEB.[2] The National Highway Traffic Safety Administration (NHTSA) and the Federal Motor Carrier Safety Administration (FMCSA) are also considering similar rules for heavy trucks: in June 2023, both agencies announced proposed rulemaking to require all heavy trucks to be equipped with AEB systems.[3] Once final, the new regulations will require heavy trucks to be equipped with (1) auditory and visual FCW, (2) the automatic application of the brakes at any speed greater than 6.2 miles per hour when a collision is imminent, and (3) AEB capable of preventing a heavy truck from rear-ending a stopped lead vehicle, slower moving lead vehicle, and decelerating lead vehicle under defined testing scenarios:

**Lead Vehicle Stopped Test**

Subject Vehicle Direction of Travel ⟶          Stopped Lead Vehicle

**Slower-Moving Lead Vehicle Stopped Test**

Subject Vehicle Direction of Travel ⟶          Slower Lead Vehicle Direction of Travel ⟶

**Lead Vehicle Decelerating Test**

Subject Vehicle Direction of Travel ⟶     Headway     Decelerating Lead Vehicle Direction of Travel ⟶

The regulations that have been adopted for passenger vehicles and the proposed rulemaking for heavy trucks reflect government, as well as industry recognition that CAT systems are effective at reducing deadly rear-end collisions, and will save (and already are saving) lives. Indeed, NHTSA estimates that the proposed heavy truck regulations requiring AEB and FCW will "prevent an estimated 19,118 crashes, save 155 lives, and reduce 8,814 non-fatal injuries annually."[4]

### CAT Systems *Do* Mitigate and Prevent Rear-End Collisions

Semi-trucks are more dangerous than passenger vehicles. Everyone, including semi-truck manufacturers, knows this to be fact. Semi-trucks are heavier, take longer to slow, and thus take longer to stop. NHTSA reports that approximately 94 percent of all traffic collisions are caused by driver error, with a large portion of those collisions caused by an inattentive driver.[5] For semi-truck drivers, the consequences of inattentive driving are often catastrophic.

Between 2017 and 2019, 550,000 police-reported collisions involved heavy trucks, resulting in 5,255 fatalities.[6] Of those crashes, 60,000 were rear-end collisions where the heavy truck was the striking vehicle.[7] On average, between 2017 and 2019, approximately 388 people died annually from a rear-end collision involving a heavy truck. Another 30,000 people were injured.[8] Many of these deaths and injuries could have been prevented or mitigated if CAT systems had been installed on the trucks involved.

None of this is news to heavy truck manufacturers who have long been aware of the huge safety benefits that CAT offers for both truck drivers, and the occupants of the much smaller passenger vehicles that share the road with those truck drivers. In fact, PACCAR first introduced a collision avoidance system – the Eaton VORAD – in 2005.[9]

Since then, heavy truck manufacturers have continued to develop, test, and equip heavy trucks with different, and increasingly advanced collision avoidance technologies. As noted above, since 2015, all heavy trucks sold in Europe have been equipped with FCW and AEB systems pursuant to European Commission regulation. Thus, all international heavy truck manufacturers have long had the knowledge, technology, and processes necessary to produce heavy trucks with CAT systems standard. PACCAR, for example, has been selling DAF trucks in Europe with FCW and AEB systems standard since at least 2015, but in that same time has been manufacturing and selling Kenworth and Peterbilt trucks in the U.S. without those same systems. In the U.S., the manufacturers have chosen not to simply because it is not (yet) required, choosing instead to make safety optional and put the "choice" on the buyer.

These systems do work, and trucks not equipped with these systems can no longer be considered reasonably safe. Consider the following crash scenario based on a recent case: V1, a 2022 Kenworth T680 tractor with attached trailer driving 70 mph rear ends V2, a passenger vehicle slowing for traffic from 70 mph to 8 mph at impact. The collision occurred on a straight stretch of interstate in daylight with clear skies. The Kenworth was not equipped with FCW or AEB. Testing conducted with exemplar vehicles based on this crash scenario revealed that if the Kenworth had been equipped with *any* of the available FCW or AEB systems, the collision with V2 would have been avoided entirely, and the semi-truck would not have then gone on to strike V3 through V9 that were also involved in what was ultimately a 9 vehicle collision. A life would have been saved, and a catastrophic injury avoided.

### Evaluating CAT Product Liability Claims in Semi-Truck Rear-End Collisions

A manufacturer is liable under a product liability claim in Missouri when the manufacturer's product is "in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold".[10] "The practice established by Missouri state courts [i]s to submit [product liability] cases to the jury without a specific instruction as to what constitutes unreasonably dangerous and allow the jury to make the ultimate determination."[11]

According to NHTSA, the typical semi-truck collision scenario involves a semi-truck rear-ending another vehicle (a lead vehicle) traveling ahead of it in the same direction, but that is stopped, moving slower, or decelerating, usually within the same lane of travel.[12] Overwhelmingly, these rear-end collisions occur on straight roadways (99 percent) and in dry conditions (85 percent).[13] Technology exists (and has existed for at least a decade) that will mitigate or completely prevent this typical collision scenario. When this technology is absent from a heavy truck that rear ends a passenger vehicle and kills or catastrophically injures a passenger, consideration must be given to suing the semi-truck manufacturer for products liability. Safety is not an option. Semi-trucks without this readily available technology are unreasonably dangerous.

### Conclusion

CAT systems are effective at mitigating and preventing collisions, especially rear-end collisions. Semi-truck manufacturers know it. Increasingly, the public knows it too. For a decade (and arguably longer) semi-truck manufacturers have knowingly been filling U.S. roads with trucks less safe than those being put on roads in Europe. Even with regulations seemingly imminent to end the practice by semi-truck manufactures of making safety an option in the U.S., trucks manufactured and sold in the last decade without CAT systems will continue to be on the road for decades, and will cause preventable rear-end collisions. When representing clients who have been seriously injured, or families whose mom, or dad, or daughter or son was killed in a collision by a semi-truck, assessing whether a CAT system would have mitigated or prevented the collision altogether is necessary to ensure our clients are accessing all available means of recovery for their injuries and losses.

*Endnotes*
[1] COMMISSION REGULATION (EU) No 347/2012 of 16 April 2012 implementing Regulation (EC) No 661/2009 of the European Parliament and of the Council with respect to type-approval requirements for certain categories of motor vehicles with regard to advanced emergency braking systems, *available at* https://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:L:2012:109:0001:0017:EN:PDF
[2] Federal Motor Vehicle Safety Standards; Automatic Emergency Braking Systems for Light Vehicles, 89 Fed. Reg. 39686 (May 9, 2024).
[3] Heavy Vehicle Automatic Emergency Braking; AEB Test Devices, 88 Fed. Reg. 43174 (July 6, 2023).
[4] Heavy Duty Automatic Emergency Braking Rulemaking Announcement, *available at* https://www.nhtsa.gov/speeches-presentations/heavy-duty-automatic-emergency-braking-rulemaking-announcement
[5] Heavy Vehicle Automatic Emergency Braking; AEB Test Devices, *supra* n. 3.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Kenworth Adds Eaton's VORAD System with SmartCruise as Option, *available at* https://www.truckinginfo.com/97485/kenworth-adds-eatons-vorad-system-with-smartcruise-as-option-#:~:text=Kenworth%20Truck%20Co.,T800%2C%20T2000%20and%20W900%20models.&text=Eaton's%20VORAD%20system%20provides%20forward,visit%20www.vorad.com.
[10] Mo. Ann. Stat. § 537.760.
[11] *Drabik v. Stanley-Bostitch, Inc.,* 997 F.2d 496, 506 (8th Cir. 1993)
[12] Heavy Vehicle Automatic Emergency Braking; AEB Test Devices, *supra* n. 3.
[13] *Id.*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Kevin McGinnis  et al

DEFENDANT:
comma.ai, Inc. et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
01/23/2026
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
A. Gospel

CASE NUMBER:
26CV166471

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 06/15/2026        Time: 2:30 PM        Dept.: 21

Location: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial.  Code of Civ. Proc. § 630.01 et seq.  In short, the parties would agree to the following:  8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal.  For additional information, please see the following links:

• EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
• EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
• EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/23/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>comma.ai, Inc. et al | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV166471 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Kevin McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Kirk R. Presley
Presley & Presley LLC
4801 Main Street, Suite 375
4801 Main Street, Suite 375
Kansas City, MO 64112

Pamela McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/27/2026                    By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

**CIV-010/FL-935**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**<br>NAME: Kirk R. Presley<br>FIRM NAME: Presley & Presley, LLC<br>STREET ADDRESS: 4801 Main Street, Suite 375<br>CITY: Kansas City    STATE: MO   ZIP CODE: 64112<br>TELEPHONE NO.: 816-931-4611   FAX NO.: 816-931-4646<br>EMAIL ADDRESS: kirk@presleyandpresley.com<br>ATTORNEY FOR *(name)*: Plaintiffs Kevin McGinnis and Pamela McGinnis<br>STATE BAR NUMBER: 145778 | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>02/09/2026<br>Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ N. Douglas _____ Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon St, Oakland, CA 94612
MAILING ADDRESS: 1225 Fallon St, Oakland, CA 94612
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: Kevin McGinnis & Pamela McGinnis
DEFENDANT/RESPONDENT: Allen G. Robberson, Jr.
OTHER PARENT/PARTY: comma.ai, Inc.

| | |
|---|---|
| **APPLICATION FOR APPOINTMENT OF**<br>**GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**<br>[ x ] **EX PARTE** | CASE NUMBER:<br>26CV166471 |

*This form is for use in a civil or family law proceeding in which a party is a minor, a person who lacks legal capacity to make decisions, or a person for whom a conservator has been appointed. A person who seeks the appointment of a guardian ad litem in a proceeding under the Probate Code—other than a proceeding under Probate Code sections 3500–3613 for approval of a compromise, settlement, or disposition of judgment proceeds—should use form DE-350/GC-100. **NOTE:** A person may not act as a guardian ad litem unless the person is represented by an attorney, is an attorney, or, in an action under the Uniform Parentage Act (Family Code, §§ 7600–7730), is an adult relative of a minor party.*

1. I *(applicant's name):* Pamela McGinnis
   am *(check all that apply):*
   a. [ ] the parent of *(name):*
   b. [x] the guardian of *(name):* Kevin McGinnis
   c. [x] the conservator of *(name):* Kevin McGinnis
   d. [x] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. I am asking the court to appoint the following person as guardian ad litem *(name, address, phone number, and email address):*
   Pamela McGinnis, 6218 N. 23rd St. Terr, Country Club, MO 64505

3. The guardian ad litem will represent the interest of *(name, address, and, if applicable, phone number and email address):*
   Kevin McGinnis, 6218 N. 23rd St. Terr, Country Club, MO 64505

4. The person named in item 3 is a party and is *(check all that apply):*
   a. [ ] a minor *(date of birth):*
   b. [ ] a person who lacks legal capacity to make decisions *(explain the basis for claiming lack of capacity):*

   [ ] Continued on Attachment 4b.
   c. [x] a person for whom a conservator has been appointed *(provide the details of the appointment):*
   Pamela McGinnis, appointed in the Circuit Court of Buchanan County, Missouri Probate Division, in Case No. 25BU-PR00273, Order Extending Emergency Guardianship and Conservatorship granted on January 6, 2026 and expires April 3, 2026.

   [ ] Continued on Attachment 4c.

                                         **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010/FL-935 [Rev. January 1, 2024]

**APPLICATION FOR APPOINTMENT OF**
**GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**

Code of Civil Procedure, § 372 et seq.;
Family Code, §§ 6229, 7635
www.courts.ca.gov

Electronically Received 02/09/2026 12:05 PM

CIV-010/FL-935

| PLAINTIFF/PETITIONER: Kevin McGinnis & Pamela McGinnis | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allen G. Robberson, Jr. | 26CV166471 |
| OTHER PARENT/PARTY: comma.ai, Inc. | |

5. ☐ The person named in item 3 is a minor and is *(check one)*:
  a. ☐ a plaintiff or petitioner in this action and the summons has not been issued.
  b. ☐ a defendant or respondent in this action. More than 10 days have passed since service of the summons, and no one has applied for the appointment of a guardian ad litem.

6. I am asking the court to appoint a guardian ad litem because the person named in item 3 *(check all that apply)*:
  a. ☐ is a minor who is a party to an action under the Uniform Parentage Act (Family Code, §§ 7600–7730).
  b. ☐ is a minor who is requesting or opposing a request for an injunction or restraining order described in Code of Civil Procedure sections 372(b)(1) and 374(a). *(If the minor is 12 years of age or older, check one of the following)*:
    The minor ☐ does ☐ does not object to the appointment of the person named in item 2.
    ☐ I don't know whether the minor objects to the appointment of the person named in item 2.
  c. ☐ has no guardian or conservator of the estate.
  d. ☐ has a guardian or conservator of the estate, but the guardian or conservator is inadequate to represent the person's interest in this action or proceeding because *(explain)*:

    ☐ Continued on Attachment 6d.
    The guardian or conservator of the estate is *(name, address, telephone number, and email address)*:

    *(After filing this application, you must give notice and a copy of the application to the guardian or conservator above.)*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person named in item 3.

Kirk R. Presley
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Pamela McGinnis
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

### DISCLOSURES AND CONSENT TO ACT AS GUARDIAN AD LITEM

8. I have the following relationship with the person named in item 3 *(check one)*:
  a. ☐ No relationship
  b. ☒ A familial relationship *(specify)*: Husband & Wife
  c. ☐ An affiliate (nonfamilial) relationship *(specify)*:

9. I am *(check one)*:
  a. ☒ not aware of any actual or potential conflicts of interest that would or might arise from the appointment.
  b. ☐ aware of the following actual or potential conflicts that would or might arise from the appointment *(describe the actual or potential conflicts of interest and explain why the proposed guardian should still be appointed)*:

    ☐ Continued on Attachment 9b.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I consent to act as guardian ad litem in this action or proceeding. If I become aware that a potential conflict of interest has become an actual conflict, or that a new potential or actual conflict exists, I will promptly disclose the conflict of interest to the court.

Date:

Pamela McGinnis
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

CIV-010/FL-935 [Rev. January 1, 2024]

**APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**

Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>02/09/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _S. Pesko_ Deputy<br>S. Pesko |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis et al | |
| DEFENDANT/RESPONDENT:<br>comma.ai, Inc. et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>26CV166471 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Application for Appointment of Guardian Ad Litem - Civil and Family Law (CIV-010/FL-935) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Kirk R. Presley
Presley & Presley LLC
kirk@presleyandpresley.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 02/09/2026                          By:

_Sue Pesko_

S. Pesko, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>02/09/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Sue Pesko_ Deputy<br>S. Pesko |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis et al | |
| DEFENDANT/RESPONDENT:<br>comma.ai, Inc. et al | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV166471 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Kevin McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Pamela McGinnis
6218 N. 23rd Terrace
Country Club, MO 64505

Chad Finke, Executive Officer / Clerk of the Court

Dated: 02/09/2026          By:

_Sue Pesko_

S. Pesko, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| Kevin McGinnis  et al<br>　　　　Plaintiff/Petitioner(s)<br>vs.<br>comma.ai, Inc. et al<br>　　　　Defendant/Respondent<br>(s) | No.　　26CV166471<br><br>Date:　02/09/2026<br>Time:　3:04 PM<br>Dept:　21<br>Judge:　Jenna Whitman<br><br>ORDER re: Order Denying Without<br>　　　　Prejudice Application for<br>　　　　Appointment of Guardian<br>　　　　Ad Litem |

The application for appointment of plaintiff Pamela McGinnis as guardian ad litem for plaintiff Kevin McGinnis is DENIED WITHOUT PREJUDICE for the following reasons:

The application seeks appointment of a guardian ad litem for a plaintiff over whom a conservatorship has been granted (at least temporarily) but does not include documentation substantiating the appointment of conservator, including the type of conservatorship (scope of powers) granted. Any future application should attach such documentation. It should also provide information regarding the date, if any, for hearing re extension of emergency appointment.

The application seeks appointment of a plaintiff as guardian ad litem for another plaintiff. One plaintiff/defendant in an action cannot serve as guardian ad litem for a co-plaintiff/co-defendant because of the potential conflict of interest in settlement or other decisions. Unless there are special circumstances, some other person who is not also a party should serve as guardian ad litem. (See CIV-010- line 9a.) Please note the operative complaint must be amended prior to submitting a renewed application.

Also, the Application must be accompanied by a proposed CIV-011 ORDER APPOINTING GUARDIAN AD LITEM - CIVIL AND FAMILY LAW, completely filled out by the applicant, for the court's review and execution.

Dated :  02/09/2026

_Jenna Whitman_ / Judge

---

ORDER re: Order Denying Without Prejudice Application for Appointment
　　　　of Guardian Ad Litem

Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>02/10/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>B. Mercado |
| PLAINTIFF/PETITIONER:<br>Kevin McGinnis  et al | |
| DEFENDANT/RESPONDENT:<br>comma.ai, Inc. et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>26CV166471 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the General Order (Order Denying Without Prejudice Application for Appointment o...) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Kevin McGinnis
kmmcginnis93@gmail.com

Kirk R. Presley
Presley & Presley LLC
kirk@presleyandpresley.com

Pamela McGinnis
pmmcginnis@hotmail.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 02/10/2026                    By:

B. Mercado, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6**

# EXHIBIT B

**Robert W. Thompson (SBN: 250038)**
**TLO LAW, P.C.**
**700 Airport Boulevard, Suite 160**
**Burlingame, CA 94010**
**Tel: 650-513-6111**
**Fax: 650-513-6071**
**Email: bobby@tlopc.com**

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KEVIN MCGINNIS,
By and through his
Duly appointed Guardian
& Conservator, PAMELA
MCGINNIS, and
PAMELA MCGINNIS, Individually,
          Plaintiffs,

          vs.

comma.ai, Inc. a
Delaware corporation; and
ALLEN G. ROBBERSON,
an Individual,
          Defendants.

CASE NO:  3:26-cv-1365

**NOTICE OF DISMISSAL WITHOUT PREJUDICE**

COMES NOW Plaintiffs, by and through counsel, and pursuant to Fed R. Civ. P. 41(a)(1)(A)(i), hereby dismisses the above causes of action **WITHOUT** Prejudice to refiling. No opposing party has files or served an Answer or motion for summary judgement, and the dismissal is effective without a court order.

Date: February 16, 2025

          /s/ Robert W. Thompson
          TLO LAW, P.C.
          Attorneys for Plaintiffs

1
NOTICE OF DISMISSAL WITHOUT PREJUDICE

## **PROOF OF SERVICE**

**STATE OF MISSOURI, COUNTY OF JACKSON**

At the time of service, I was over 18 years of age and **not a party to this action.** I Am employed in the County of Jackson County, State of Missouri. My business address is 4801 Main Street, Suite 375, Kansas City, Missouri 64112.

On February 16, 2026, I served true copies of the following document(s) described as **NOTICE OF DISMISSAL WITHOUT PREJUDICE** on the interested parties in the action as follows:

> Jeffrey N. Brown
> THOMPSON COBURN LLP
> 10100 Santa Monica Boulevard, Suite 500
> Los Angeles, California 90067
> jbrown@thompsoncoburn.com
> Attorney for Defendant Comma.ai, Inc.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Base on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address kirk@presleyandpresley.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 16, 2026 at Kansas City, Missouri.

> */s/ Kirk R. Presley*
> KIRK R. PRESLEY

2
NOTICE OF DISMISSAL WITHOUT PREJUDICE