**PRESLEY & PRESLEY, LLC**
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
KIRK R. PRESLEY, State Bar No. 145778
*kirk@presleyandpresley.com*

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCGINNIS, and PAMELA MCGINNIS,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>ALLEN G. ROBBERSON, JR., HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR CO., INC., and COMMA.AI, INC.,<br>                    Defendants. | CASE NO:  3:26-cv-3254-JD<br><br>**PLAINTIFFS' REPLY TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 11, 2026<br>Time: 11:00 a.m.<br><br>Hon. James Donato<br>Courtroom: Courtroom 11-19th Floor<br><br>Date Removed: April 16, 2026<br>Complaint Filed: March 4, 2026<br>Trial Date: None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION OF ARGUMENT

The resolution of this Motion to Remand is controlled by the Forum Defendant Rule found at 28 U.S.C. §1441(b)(2).  Neither Defendant comma.ai, Inc. nor Defendant Robberson have implied that Defendant Robberson, was not a California citizen, who was a properly joined defendant to this action and was at the time of Defendant comma.ai's removal on April 16, 2026.  Further, neither

Defendant comma.ai nor Defendant Robberson have argued that Defendant Robberson was not properly served with the original complaint prior to removal.  Instead, without any supporting court decisions and contrary to the plain language of 28 U.S.C. §1441(b)(2), Defendant comma.ai continues to insist that the Court ignore the pre-removal service on Defendant Robberson solely because  an Amended Complaint was filed before removal.  This is wrong.

## II.    ISSUES TO BE DECIDED

1.    Whether the "Forum Defendant Rule" (28 U.S.C.§1441(b)(2) requires remand of this action to the Superior Court of Alameda County?

2.    Whether "snap removal" is permissible under these circumstances?

If the Court answers 1 in the affirmative, it need not reach issue 2.

## III.    Relevant Factual Background

On September 22, 2025, Plaintiff Kevin McGinnis was severely injured in a motor vehicle collision in DeKalb County, Missouri. (ECF 1-1, ¶1).  The vehicle that struck Plaintiff was driven by Defendant Allen Robberson. (ECF ¶¶4-8).

### a.    Parties

1)    Plaintiffs Kevin and Pamela McGinnis are citizens of the State of Missouri. (ECF 1 at ¶¶ 8-9)

2)    Defendant Robberson is a citizen of the state of California. (ECF 1 at ¶ 10)

3)    Defendant comma.ai, Inc. is a corporation and deemed a citizen of the state of Delaware and California. (ECF 1 at ¶ 13)

4)    Defendant Honda Motor Co., Ltd. is a foreign corporation with its principal place of business in the state of Japan. (ECF 1 at ¶ 11)

5)    Defendant Honda Motor Co., Inc. is a corporation and deemed a citizen of the state of California. (ECF 1 at ¶ 12). Defendant Honda Motor Co., Ltd. and Honda Motor Co., Inc. will be collectively referred to as the "Honda Defendants".

### b.    State Court Lawsuit

6) On March 4, 2026, Plaintiffs filed the present lawsuit in the Superior Court for the County of Alameda, California. The lawsuit was assigned case number 26CV174249 ("State Court Lawsuit"). Initially, Defendant Robberson was the only named Defendant in the State Court Lawsuit. (ECF 1-2 at pgs. 1-5).

7) On March 12, 2026, Defendant Robberson was **served** with the State Court Lawsuit. (ECF 1-1 at pgs. 11-12). Plaintiffs filed a Proof of Service of Defendant Robberson on March 16, 2026 in the State Court Lawsuit. (*Id.)*

8) On April 14, 2026, Plaintiffs filed a First Amended Complaint in the State Court Lawsuit. (ECF 1-1 at pgs. 24-37). The First Amended Complaint added Defendant comma.ai and the Honda Defendants as Defendants under theories of strict products liability and negligence for their role in contributing to cause the September 22, 2025 motor vehicle collision. (*Id.*).

9) On April 16, 2026, prior to being served with the State Court Lawsuit, Defendant comma.ai filed a Notice of Removal in an effort to remove the State Court Lawsuit from Alameda County to this Court. (ECF 1).

10) The sole basis for Defendant comma.ai's removal of this action is diversity of citizenship under 28 U.S.C. §1332 and §1441. Apparently, Defendant Robberson's attorney, who did not enter an appearance in the State Court Lawsuit, signed the joinder of Defendant comma.ai's Notice of Removal on behalf of Defendant Robberson. (ECF 1-2). The Honda Defendants have not been served and have not filed any consent to Defendant comma.ai's Notice of Removal.

## IV.    ARGUMENT
### a. *The Forum Defendant Rule Requires Remand*

There is no dispute from any party that Defendant Robberson was properly joined to this lawsuit and was served with a copy of the initial Complaint while this action was pending in the Superior Court of Alameda County. (*See* ECF 1-1 at pgs. 11-12). Since Defendant Robberson is a citizen of California, his proper joinder and service triggers the Forum Defendant Rule and makes

Defendant comma.ai's removal of this action procedurally improper.

In an effort to evade the clear application of the Forum Defendant Rule, Defendant comma.ai has taken the position and represented to the Court in its Opposition that:

> The named California defendants, comma.ai, Allen G. Robberson, Jr., and Honda Motor Co., Inc., were never served with the pleading from which the basis first appears that this case is one that can be removed.

(ECF 21 at pg. 1).  This statement is fundamentally untrue as it relates to Defendant Robberson. The original complaint served on Defendant Robberson illustrated that diversity jurisdiction was always present. (See ECF 1-1 at ¶¶ 1-3).  Defendant Robberson could have engaged in snap removal and removed at any time prior to being served.  However, he did not do so prior to being served and any removal after Defendant Robberson was served violates the clear language of 28 U.S.C. §1441(b)(2).

In addition to citing no authority that the Court can disregard the prior service of Defendant Robberson, Defendant comma.ai implies that *Regal Stone* supports its position that Plaintiffs were required to serve Defendant Robberson with the Amended Complaint (in addition to the previously served initial complaint) in order for the Forum Defendant Rule to be applicable.  To support this argument, Defendant comma.ai summarizes the holding in *Regal Stone* as follows:

> [T]he Northern District Court in *Regal Stone*…found that the forum defendant rule did not apply where plaintiffs there had amended their complaint but did not serve the California defendant with the amended complaint and, on that basis, in part denied the plaintiff's motion to remand.

(ECF 1 at pg. 4).

This is a misleading summary of *Regal Stone's* holding.  As the Court in *Regal Stone* made clear, the plaintiff had not served or attempted to serve **any** complaint on the forum defendant. *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F.Supp.2d 1123, 1125

PLAINTIFFS' REPLY TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES
**3:26-cv-3254- JD**

(N.D. Cal. 2012)(Judge Samuel Conti). Thus the issue of whether the initial complaint and an amended complaint must be served on the forum defendant in order for the Defendant Rule to apply was never at issue or discussed in *Regal Stone*. Unlike here, where Defendant Robberson was previously served with the initial complaint, it was undisputed that the forum defendant in Regal *Stone* had not been served prior to removal.

The plain language of 28 U.S.C. §1441(b)(2) requires only that the forum defendant be properly joined and served. Defendant comma.ai's arguments require the Court to ignore the plain language and add new language requiring service of "every amended pleading" into the statute. The Court cannot do so and precedent requires any doubt about removal be resolved in favor of remand. As Defendant Robberson was properly joined and served well in advance of Defendant comma.ai filing its Notice of Removal, this action must be remanded to the Superior Court of Alameda County.

### b. *Plaintiffs Prior Dismissal Has No Bearing On Remand Of This Action*

Defendant comma.ai references a prior action filed by Plaintiffs against Defendant Robberson and Defendant comma.ai. That action was removed by Defendant comma.ai prior to being dismissed without prejudice. To the extent Defendant comma.ai implies the prior dismissal precludes remand of this action, this is incorrect. The Northern District has already confirmed in *Aetna, Inc. v. Gilead Services, Inc.*, 599 F.Supp.3d 913 (N.D. CA 2022) that a prior dismissal under Fed R. Civ. P. 41 of a previously removed case does not preclude remand of a subsequent case based on the Forum Defendant Rule. As was the case in *Aetna*, Plaintiffs exercised their right under Rule 41 to dismiss without prejudice the previous action prior to Defendant comma.ai or Defendant Robberson filing an answer. Additionally, Defendant Robberson, like the forum defendant in *Aetna*, was served with the current lawsuit prior removal to this court. Similarly to *Aetna*, this is a violation of the Forum Defendant

Rule requiring remand to state court.

### c. In the Alternative, The Ninth Circuit Would Disapprove of Snap Removal

Plaintiffs do not dispute and recognize that the Northern District has generally found that "snap removal" by a forum defendant does not violate the plain language of the Forum Defendant Rule. However, the Ninth Circuit has not had the opportunity to disapprove of snap removals. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 (9th Cir. 2024)[1]. Given that snap removals violate the rationales behind the Forum Defendant Rule and fail to advance the policy behind general removal jurisdiction of providing a fair forum for non-local defendants, it is likely the Ninth Circuit will disapprove of forum defendants engaging in snap removal.

WHEREFORE, Plaintiffs' respectfully request the Court enter an Order remanding this matter to the Superior Court for the County of Alameda, California and order such other relief as is just and proper under the circumstances.

Date: May 18, 2026                              /s/ Kirk R. Presley
                                                Presley & Presley, LLC
                                                Attorneys for Plaintiffs

---

[1] "We do not today decide the final issue imbedded in the remand orders: whether Dexcom in fact violated the forum defendant rule in these cases The district court held these removals did violate the rule, but it did so without mentioning Dexcom's snap removal argument that pre-service removals by a forum defendant are permissible. First, to resolve these appeals arising from pre-filing "super snap removals," it is not necessary to decide whether pre-service snap removals are permissible under 28 U.S.C. § 1441(b)(2)."

PLAINTIFFS' REPLY TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES
**3:26-cv-3254- JD**

## CERTIFICATE OF SERVICE

1. **Case Name:** *Kevin McGinnis et al. v. Allen G. Robberson, Jr. et al.*

2. **Case Number:** 3:26-cv-03254-JD

3. **Documents Served:** PLAINTIFFS' REPLY TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

4. **Method of Service:** Placed in US Mail & via electronic mail to defendants COMMA.AI, INC., and ALLEN G. ROBBERSON, JR.; and US Mail & via electronic mail for defendant AMERICAN HONDA MOTOR CO., INC. and HONDA MOTOR CO., LTD.

5. **Person(s) Served:**

*Attorneys for Defendant comma.ai, Inc.*
Bryan L. P. Saalfeld
bsaalfeld@mpbf.com
Gerald C. Kipper
gkipper@mpbf.com
**MURPHY, PEARSON, BRADLEY & FEENEY**
550 California Street, Suite 1400
San Francisco, CA 94104
T: (415) 788-1900
F: (415) 393-8087

*Attorneys for Defendant Allen Robberson, Jr.*
Priya Navaratnasingham
pnavaratnasingham@psalaw.net
Huahong Zhang
mzhang@psalaw.net
**PHILLIPS SPALLAS & ANGSTADT LLP**
560 Mission Street, Suite 1010
San Francisco, CA 94105
T: 415-278-9400
F: 415-278-9411

**HONDA MOTOR CO., LTD**
TORANOMON ALCEA TOWER
2-2-3 Toranomon, Minato-ku,
Tokyo 105-8404, Japan; and
**SWANSON, MARTIN & BELL, LLP**
Kristen Cooke
KCooke@smbtrials.com
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
(312) 321-9100 - main
(312) 321-0990 – fax

*Attorneys for Defendant American Honda Motor, Co., Inc.*
Via Registered Agent: CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N,
Sacramento, CA 95833; and
**SWANSON, MARTIN & BELL, LLP**
Kristen Cooke
KCooke@smbtrials.com
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
(312) 321-9100 - main
(312) 321-0990 – fax

6. **Date of Service:** May 18, 2026

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Base on a court order or an agreement of the

parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address kirk@presleyandpresley.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

7. **Person Who Served Documents:**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: */s/ Kirk R. Presley*

Name: Kirk R. Presley

Address: 4801 Main Street, Suite 375, Kansas City, MO 64112

PLAINTIFFS' REPLY TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES
**3:26-cv-3254- JD**