UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCGINNIS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALLEN G. ROBBERSON, et al.,<br><br>    Defendants. | Case No. 26-cv-03254-JD<br><br>**ORDER REMANDING CASE** |

Plaintiffs Kevin and Pamela McGinnis sued defendant Allen G. Robberson, Jr., in Alameda Superior Court for motor vehicle negligence and loss of consortium after Robberson's car collided with Kevin McGinnis's vehicle. Dkt. No. 1-1 at ECF p. 1. On April 14, 2026, plaintiffs amended their complaint, adding product liability claims and naming as additional defendants Honda Motor Co., Ltd., American Honda Motor Co., Inc., and Comma.ai, Inc. *Id*. at ECF p. 24. On April 16, 2026, defendant Comma.ai, Inc., removed the action to this Court, invoking the Court's diversity jurisdiction. Dkt. No. 1. On April 27, 2026, plaintiffs moved to remand on the basis of the forum defendant rule, 28 U.S.C. § 1441(b)(2). Dkt. No. 8.

Remand is granted under 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant Robberson is a citizen of the State of California, *see* Dkt. No. 1 ¶ 10, and he was "properly joined and served as [a] defendant[]" when he was personally served with the summons and complaint by a registered California process server on March 16, 2026. *See* Dkt. No. 1-1 at ECF p. 11-12.

Comma.ai says that the forum defendant rule does not apply because the "named California defendants, Comma.ai, Allen G. Robberson, Jr., and American Honda Motor Co., Inc., were never served with the pleading from which the basis first appears that this case is one that can be removed." Dkt. No. 21 at 1. What exactly that might mean is not clear, but the general point is not applicable to Robberson in any event. Plaintiffs' initial complaint, which Robberson was indisputably served with, alleged that plaintiffs were citizens of Andrew County, Missouri, and defendant Robberson a "citizen and resident of Oakland, Alameda County, California." Dkt. No. 1-1 ¶¶ 1-3.

Counting further against Comma.ai is that it filed with its removal papers a "joinder" in the removal signed on behalf of Robberson. *See* Dkt. No. 1-3. The joinder states that, "pursuant to 28 U.S.C. § 1446, Defendant Allen G. Robberson, Jr. hereby joins in Defendant Comma.ai, Inc.'s Notice of Removal." *Id*. This confirms that Robberson is a "properly joined and served" defendant because, under 28 U.S.C. § 1446(b)(2)(A), a joinder or consent to removal is required only for "defendants who have been properly joined and served." *See also* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

Consequently, the record establishes that Robberson is a "properly joined and served" defendant who is a citizen of California, and so 28 U.S.C. § 1441(b)(2) bars the removal of this action. Plaintiffs have timely raised this "nonjurisdictional defect" and remand is warranted pursuant to 28 U.S.C. § 1447(c). *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024). The case management conference set for August 13, 2026, is vacated, and the case is ordered remanded to the Superior Court of Alameda County.

**IT IS SO ORDERED.**

Dated: August 11, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California